### Lydia B. Lee et al. v. Daniel Bolles et al.

*Pleading : Averment of joint undertaking.* In an action upon a special agreement against two persons, the plaintiff cannot recover unless he avers and proves a joint undertaking; and in such an action evidence of an original contract signed by one of the defendants, together with an agreement signed by the other " to become security for the performance of the foregoing contract," although alleged to have been simultaneously executed, was held inadmissible to prove a joint contract. Whether proof that both the original and the collateral undertaking were supported by the same consideration would render the undertaking joint;—*Quære.*

*Heard January 6. Decided January 10.*

Error to Hillsdale Circuit.

*Assumpsit* upon a special agreement. The plaintiffs, Lydia B. Lee and Helen M. Wilson, declared against Daniel Bolles

LEE v. BOLLES.

and Christopher J. Dickerson, "For that whereas, heretofore, to wit: On the 15th day of September, A. D. 1868, at Hillsdale, in said County, by a certain agreement made by, and between the said plaintiffs and the said defendants, which said agreement is in the words and figures following, to wit: 'This agreement, made and entered into, this seventh day of September, A. D. 1868, between Daniel Bolles, of Hillsdale, Michigan, of the first part, and Lydia B. Lee and Helen M. Wilson, of the same place, of the second part, witnesseth: That the said party of the first part, for and in consideration of the covenants and agreements hereinafter stipulated, to be kept and performed by the said parties of the second part, hereby covenants and agrees with the said parties of the second part, that he will move the double framed house,' &c., [specifying the work to be done, the manner of doing it, and the amount to be paid by the parties of the second part.] "' In witness whereof, we have hereunto placed our hands, the day and date aforesaid. (Signed) LYDIA B. LEE, HELEN M. WILSON, DANIEL BOLLES.'

"And the said plaintiffs aver that afterwards, to wit: On the 15th day of September, A. D. 1868, the said agreement was duly executed by the said plaintiffs and the defendant, Daniel Bolles, and that at the same time the said defendant, Christopher J. Dickerson, then and there executed and delivered to the said plaintiffs, a certain paper writing, in the words and figures following, to wit: 'For value received, I hereby agree to become security for the performance of the foregoing contract by the said Daniel Bolles. September 15th, 1868. (Signed) C. J. DICKERSON.' And the said agreement executed by the said Lydia B. Lee and Helen M. Wilson, of the one part, and Daniel Bolles, party of the other part, and the said agreement executed by the said Christopher J. Dickerson, were all made at one and the same time by the said parties whose signatures are attached thereto, to wit: On the 15th day of September,

A. D. 1868. Yet the said plaintiffs say, &c.,"—averring readiness to perform on the part of the plaintiffs—and the breach on the part of the defendants.

The defendants pleaded the general issue, with notice, &c.

On the trial, the original contract, signed by the plaintiffs and Bolles, and the agreement, as stated in the declaration, signed by Dickerson were offered in evidence. The defendants objected that "the paper is variant from the contract described in the declaration, and because the defendant, Christopher J. Dickerson, is not a joint contractor in said paper, nor an original maker, and cannot be sued with the defendant Daniel Bolles, he not being a joint contractor with the said Daniel Bolles." The Circuit Judge sustained the objection and rejected the evidence as inadmissible, to which the plaintiffs excepted.

The verdict having been found for the defendants, the judgment entered thereon is brought into this Court by writ of error.

*G. A. Knickerbocker and A. Dickerman*, for plaintiffs in error.

I. The undertaking of the defendant in error, Dickerson, by the terms of his agreement, is an original one and the action is properly brought against both defendants in error, Dickerson and Bolles. Dickerson is a surety and not a guarantor. The terms surety and guarantor have acquired a fixed signification, and when used are decisive of the nature of the contract. To be security in a contract is equivalent to becoming a party to it in the character of a surety. *Norris v. Spencer, 18 Maine, p. 324;* Burrill's Law Dictionary—" Security ;" "Guaranty."

In this case the language of the agreement of the defendant in error, Dickerson, is equivalent to his signing his name immediately under that of the defendant Bolles, and adding the word "surety." *Norris v. Spencer, 18 Maine, 324; Hunt, Administrator, v. Adams, 5 Mass., 358.*

Dickerson's agreement was contemporaneous with the contract signed by Bolles, and they are parts of the same transaction.

II. The defendant in error, Dickerson, can make every defence in this suit, that he could have made, had an action been brought against him alone. As in case of recoupment, courts of law seek to avoid circuity of action and a multiplicity of suits, and in this suit the rights and equities of the parties could be much better settled in one suit than two. *Norris v. Spencer, 18 Maine, 324; Allen v. Hubert, 49 Penn. St. 259.*

*C. J. Dickerson and R. W. Ricaby,* for defendants in error.

The contract offered in evidence on the trial of this cause executed by the plaintiffs in error, and the defendant in error, Bolles, is not an original undertaking on the part of the said Dickerson, but merely collateral. *2 Pars. on Cont. pp. 9, 12; Tilleston v. Nettlston, 6 Pick., 509; Nelson v. Boynton, 3 Met., 396; Tinker v. McCauley, 3 Mich., 180; Rapelye v. Bailey, 3 Conn., 438; 5 Conn., 149; Dale v. Young, 24 Pick., 250; Thaxton v. Bugbee, 5 Cush., 221; Bunt v. Horton, 1 Met., 24.*

The undertaking signed by the said defendant in error, Dickerson, is merely that of a guarantor, and he could not therefore be joined in a suit with the said Bolles.

The agreement made and signed by the plaintiffs in error, and the defendant in error, Bolles, bears date on the 7th of September, and specifies clearly and distinctly what each party is to do. Although the agreement may not have been executed on the day it bears date, it should be treated as the agreement of the parties on the day it bears date, because they adopted that as the day of their agreement. It was clearly the intent of the parties to adopt the 7th and the 15th as the dates of the respective undertakings and therefore were not contemporaneous.

The undertaking signed by Dickerson does not appear

to be based upon the same consideration as the one signed by Bolles. The consideration upon which Bolles undertook to perform certain labor, was the payment of money. The words "for value received," in the undertaking signed by Dickerson, seem to indicate a different and independent consideration from the one expressed in the agreement signed by Bolles; and the words "foregoing contract," indicate clearly that the parties considered the undertakings separate and distinct from each other. *Nelson v. Boynton, 3 Met., Bainbridge, 6 Blackford, 12; Chitty on Contracts, p. 397.*

GRAVES, J.

The plaintiffs in error sued the defendants jointly in *assumpsit*, and in stating their cause of action set forth an agreement in writing dated the seventh of September, 1868, between the defendant Bolles of the first part and the plaintiffs of the second part, by which Bolles in consideration of the agreement by the plaintiffs to pay him a specified price promised the plaintiffs that he would, in a particular manner and by a specified time, remove a dwelling house, mentioned in the agreement, and perform certain work upon and about said building. The declaration further set forth that such contract was executed on the 15th of September, 1868, and that at such time the defendant Dickerson, executed and delivered to the plaintiff a certain paper writing in the words and figures following, that is to say: "For value received I hereby agree to become surety for the performance of the foregoing contract by the said Daniel Bolles. September 15th, 1868. C. J. DICKERSON."

The declaration then proceeded to aver a breach of the agreement, to perform the specified labor in and about the dwelling house, and claimed of the defendants a large amount of damages as resulting from such breach.

The defendants having pleaded the general issue, the parties went to trial before a jury.

LEE *v.* BOLLES.

The plaintiffs proved the execution of the two instruments set forth in the declaration, and that both were executed on the same day, and then offered them in evidence; but their introduction was resisted by defendants' counsel on the ground, among others, that defendant, Dickerson, was not a joint contractor with defendant, Bolles, and that the defendants were not jointly liable. The Circuit Judge sustained the objection, and excluded the evidence, whereupon a verdict passed for defendants, and the question for us is whether this ruling of the Court below was erroneous.

It is not deemed necessary to the determination of this question to discuss the distinction between the contracts of guarantee and suretyship, or to dwell upon the consequences flowing from such distinction. What we have to decide is, whether the plaintiffs by their declaration disclosed and set forth a joint undertaking on the part of defendants.

On a written agreement parties can only be sued in the manner in which they have made themselves liable, and whatever difficulty there is in ascertaining who are proper parties to be sued, must arise from an ambiguity in the writing. *Barbour on Parties, p. 118.*

But whatever the difficulty in deciding who ought to be made parties, and who may be joined as defendants, it is incumbent upon the plaintiff, when he proceeds against two or more to show by his declaration that the defendants are jointly liable.

It is generally true that this will sufficiently appear when the declaration follows the words of the contract; but there are cases, and this appears to be one of them, where a simple transcription of the writings by the pleader will not suffice.

We think it was, at least, indispensable to a joint liability on the part of these defendants, that the two instruments signed by them respectively should not only have been contemporaneously executed, but that they should likewise have been made upon the same consideration. But whether the

appearance of these requisites would have been sufficient to show a joint liability, is a matter on which we express no opinion.

The declaration avers that they were executed simultaneously, but it altogether omits to aver that the undertakings of defendants were upon the same consideration.

We cannot regard the acknowledgment of "value received," in the instrument signed by Dickerson, as implying the same consideration for his promise, as that upon which the defendant Bolles undertook to perform the services specified in the other writing; and hence the declaration wholly fails in stating a 'cause of action against the defendants, involving a joint liability on their part.

We think, therefore, that the ruling of the Court below was right, and that the judgment should be affirmed with costs.

The other Justices concurred.