JOHN McGREGOR v. THE BOARD OF SUPERVISORS OF GLAD-
WIN COUNTY.

*Certiorari to Supervisors—County Treasurer's Bond—His Removal*
*from Office.*

The Supreme Court has jurisdiction to issue a writ of certiorari
to a board of supervisors to bring up its proceedings for the·
removal of the county treasurer.

The amount and sufficiency of the county treasurer's bond are
left by Comp. L., §§ 512 and 477, to the discretion of the board
of supervisors.

On certiorari to a board of supervisors to bring up its proceed--
ings for the removal of the county treasurer for failure to
file a new bond, it was *held* that the board could not proceed
to remove him until it appeared from their own records that
all the facts existed that would authorize them to act, includ--
ing some finding or resolution that the existing bond was
insufficient, the requirement of a new bond, notification of·
that fact to the treasurer, failure on his part to comply, and
subsequent proceedings for his removal, of which he should
have notice and an opportunity to make defense. The ab-
sence of this showing from the records could not be supplied
by the return to the writ of certiorari.

CERTIORARI. The facts are in the opinion. Submitted October 18. Decided October 19.

*Dan P. Foote* for plaintiff. The Supreme Court can review on certiorari the proceedings of all inferior courts and persons having statutory power to pass on the rights of others (*Le Roy v. Mayor*, 20 Johns., 430; *Brooklyn v. Patchen*, 8 Wend., 65); like highway commissioners (*Van Auken v. Highway Commissioners*, 27 Mich., 414; *Dupont v. Commissioners*, 28 Mich., 362; *Names v. Commissioners*, 30 Mich., 490) or township boards, *Crawford v. Scio*, 22 Mich., 405; *People v. Brighton*, 20 Mich., 57; and the writ brings up the question whether there was evidence to warrant the action taken. *Jackson v. People*, 9 Mich., 111; *People v. Board of Police*, 39 N. Y., 506; *Mullins v. People*, 24 N. Y., 399. Inferior jurisdictions not proceeding under the common law are limited to their statutory authority, *Wight v. Warner*, 1 Doug. (Mich.), 384; *Clark v. Holmes*, Id., 390; and the jurisdictional facts must affirmatively appear in their proceedings, and cannot be presumed, *Chandler v. Nash*, 5 Mich., 409; *People v. Commissioners of Nankin*, 14 Mich., 528.

*Flanders & Wilber* and *C. H. Gage* for defendants. Questions of fact will not be reviewed on a common law certiorari except to see whether the inferior tribunal had jurisdiction, *People v. Goodwin*, 1 Seld., 568; *Jackson v. People*, 9 Mich., 111; *Starr v. Trustees*, 6 Wend., 564; *People v. Board of Health*, 33 Barb., 344; to show which the latter can return the evidence that was before them, whether it was on their registered minutes or not, *Rathbun v. Sawyer*, 15 Wend., 451; *People v. Overseers*, 15 Barb., 293; *Whitney v. Delegates*, 14 Cal., 479.

COOLEY, C. J. The plaintiff in error, who was duly elected treasurer of Gladwin county at the last general election, complains of the action of the board of supervisors of that county in removing him from office and appointing another to his place. It appears from the records of the supervisors, which have been sent up here in response to a

writ of *certiorari*, that the plaintiff in error filed his official bond, which was approved by the board, but that subsequently a new bond was required of him, and that he was given until June 26, 1877, to file it. On the day last mentioned the time for filing it was extended to July 17. The board was in session July 17, and on motion of one of the supervisors a resolution was unanimously adopted declaring the office of county treasurer vacant. The record does not show that plaintiff in error was present at this meeting, or that he was notified thereof, or notified that any action against him was proposed. The writ of *certiorari* having been sued out and served, the board return that the new bond was demanded because it was found the sureties in the first were not responsible. They also return that plaintiff in error was notified of the demand, and appeared before the board and stated that he would give the bond required if he could procure sureties, but that he failed to do so, and stated that he was unable: whereupon the board proceeded to remove him. The sufficiency of this return as an answer to the writ is the question before us.

My brethren think that before the board could proceed to a removal it should have appeared from their own records that all the facts existed which would authorize the board to take action. These would embrace some finding or resolution that the existing bond was insufficient, the requirement of a new bond, notification to the defendant of that fact, a failure on his part to comply, and proceedings subsequently for his removal, of which he should have notice and an opportunity to make defense. They also think that the deficiencies in the record in this regard cannot be supplied by return to a writ of *certiorari*. The removal from a public office is a matter of serious consequence, and it is plain that all the facts which would justify it ought properly to be of record, and my brethren think it essential.

Some complaint is made by the plaintiff in error that an excessive bond was required, but we cannot say that such is the fact. The amount and sufficiency of the bond are questions entrusted to the discretion of the board of supervisors,—Comp. L., §§ 512, 477,—and we cannot sup-

pose they will abuse their discretion in that regard. And on this writ we have nothing to do but to quash the proceedings, leaving the case as if none had been taken. We have not considered the objection that was taken to our jurisdiction on this writ, deeming that sufficiently determined in other cases. *People v. Brighton,* 20 Mich., 57; *Crawford v. Scio, etc.,* 22 Mich., 405, and many others are in point here.

The proceedings must be quashed.

GRAVES and CAMPBELL, JJ., concurred.

MARSTON, J., did not sit in this case.