## TAYLOR v. SHIMMEL.

CERTIORARI—RETURN— EVIDENCE— REMOVAL OF SCHOOL–DISTRICT OFFICER.

On *certiorari* to review the action of a township board in removing a school-district officer under 2 How. Stat. § 5170, the return of the clerk of the board is to be taken as true. The fact, therefore, that the testimony returned is insufficient of itself to support the order of removal does not call for a reversal, where the return shows that evidence was introduced sustaining the allegations of the complaint, and that all of the testimony is not returned.

Error to Manistee; McMahon, J. Submitted December 4, 1895. Decided December 24, 1895.

William G. Taylor instituted proceedings before the township board of Maple Grove township, Manistee county, to remove Frank Shimmel from the office of assessor of school district No. 4, in said township. From a judgment of the circuit court on *certiorari*, affirming the

action of the board in removing him, defendant brings
error. Affirmed.

*P. W. Niskern,* for appellant.

*Dunlap & Chamberlain,* for appellee.

LONG, J.   Defendant was removed by the township
board from the office of assessor of school district No. 4,
Maple Grove township, in the county of Manistee.  Wil-
liam G. Taylor made the complaint (which was in writing)
that, as assessor, the defendant had illegally used and dis-
posed of public moneys intrusted to his charge, and had
persistently refused and neglected to discharge the duties
of his office as such assessor.   The proceedings were
brought under section 5170, 2 How. Stat., which provides
for the removal from office by township boards of any
school-district officer who shall have illegally used or dis-
posed of any of the public moneys intrusted to his charge,
or who shall persistently, and without sufficient cause,
refuse or neglect to discharge any of the duties of his
office.   After the removal, the defendant removed the
cause to the circuit court for Manistee county, by writ of
*certiorari.*   The only allegation of error upon which the·
writ was issued is that "said township· board erred in
making an order of removal removing this deponent from
office as assessor of this school district, upon all the alle-
gations set forth in said complaint, without proof estab-
lishing them."   The circuit court affirmed the order made·
by the township board, and the case comes to this court.
by writ of error.

The return was made by the township clerk for the·
board, and states that all the testimony is not returned,
but that the defendant repeatedly testified that he had
paid out the various sums of money set forth in the com-
plaint, from the funds belonging to the school district,.
without any orders drawn by the director and counter-
signed by the moderator of the district, and that there was

testimony showing that the defendant did persistently neglect and refuse to perform the duties of the office of assessor. It is contended, however, that the court could not consider this return, as the testimony was returned, and that from the testimony it conclusively appears that the return is not true. If no testimony had been returned, we should be compelled to take the return as true, and it must be now so taken, as the return shows that all of the testimony is not included in the record. Counsel for defendant relies upon the case of *McGregor* v. *Board of Supervisors*, 37 Mich. 388. That was a proceeding to remove the county treasurer of Gladwin county, for failing to file his official bond, and it was held that the records of the board of supervisors failed to show all the facts necessary to constitute cause of removal. It was there said that the deficiencies in the record in this regard could not be supplied by return to a writ of *certiorari*. It was deemed necessary by the court in that case that the records of the board should show affirmatively all the steps requisite to the removal. In the present case it was not necessary to record the testimony taken. The return sets out the acts complained of, and that evidence was given which supported the complaint. We must take the return as true.

The judgment of the court below, affirming the action of the township board, must be affirmed, with costs.

The other Justices concurred.