## CITY OF HOUSTON v. J. A. ESTES.

Decided March 5, 1904.

**1.—City Charter—Constitutionality—Tenure of Office.**

Sections 26 and 26a of the charter of the city of Houston, placing the employes of the police, fire and health departments under civil service regulation and providing that they can only be discharged upon complaint for cause made to a board established for this purpose, appeal lying to the city council, held unconstitutional in so far as they fix the tenure at life upon good behavior. The constitutional term of two years will govern, subject to such regulation.

**2.—Pleading—Discharge of Policeman—Mayor—Power of Appointment.**

It was not error to overrule a special exception to an allegation that the city marshall, who discharged plaintiff, had suggested his name to the mayor who nominated him for a place on the police force, such an allegation not being subject to the objection that it sought to take away from the mayor his independent power of appointment, the mayor having no such independent power.

**3.—Assignment of Error—Policeman Not a Distinct Office.**

An assignment of error complaining of the court's action in sustaining a special exception addressed to the defense that the city had appointed a successor to plaintiff, a discharged policeman, and plaintiff had' not tried to oust him by suit and was therefore estopped to set up his right to the office, is properly overruled, since the office of policeman is not a distinct office, and though new policemen were appointed no particular person took plaintiff's place.

**4.—City Ordinance—Bonds of Officers—Sureties.**

A city ordinance requiring sureties on bonds of municipal officers to bind themselves to pay all fines assessed against such officers for official misfeasance is merely declaratory of the legal effect of such instruments. Where the bonds comply with the requirements of the city charter, they need not embody the terms prescribed by the ordinance.

**5.—Official Bond—Curing Defects.**

The execution of a proper bond is not a condition precedent to the right to the office; if there is any valid objection to the bond it must be urged and the official given an opportunity to file another curing the defect.

**6.—Policeman—Other Employment.**

The fact that plaintiff served ten days as a special policeman by appointment of the mayor held not to be an abandonment of the office of regular policeman.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*T. H. Stone,* City Attorney, for appellant.

*Wilson & Jackson* and *Lock McDaniel,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was an action brought by the plaintiff, J. A. Estes, to recover of the city of Houston his salary as policeman. A trial before the court without a jury resulted in a judgment for the plaintiff for $1979.98. The city has appealed.

For cause of action the plaintiff alleged in substance that on April 20, 1898, he was duly appointed and qualified as a regular policeman of said city and served as such until August 11, 1898, when without fault on his part the city marshal undertook to discharge him and thereafter refused and persistently refused to allow him to perform any

further duties as such officer. That without fault on plaintiff's part and without assigning any reason therefor the marshal informed him that he need not report for duty any more and that he (the marshal) "would have to let him out." That at the date of his appointment and at the date of his discharge the city was acting under its special charter which became a law on the 12th day of May, 1897. That he secured his position by appointment of the mayor and the approval of the city council, and under one of the charter provisions he could not be removed from office except upon trial before the tribunal provided by the charter for the purpose and upon charges duly presented. That no such charges have been preferred nor any such trial had, nor has he been guilty of any misconduct which would justify his removal. That by sections 26 and 26a of the charter it was provided that the terms of service of the members of the police, fire and health departments of the city, except the heads of such departments, should continue during efficient service and good behavior, and that no member of either of said departments should be discharged unless proven guilty of an offense of sufficient gravity in the opinion of the police, fire and health board to warrant such discharge, and if the judgment of the board should be adverse to the party charged an appeal to the city council would lie. That plaintiff's compensation had been duly fixed at $75 per month, payable monthly, and he was duly paid at that rate up to the time of his attempted discharge, since which time, though he has continuously held himself ready to perform any duty assigned him as such officer, his name has been stricken from the roll of policemen. He has been persistently refused assignment to duty and the city has refused to pay his salary.

To the petition the defendant interposed a general demurrer and eighteen special exceptions.

The court overruled all demurrers and exceptions to the petition except that addressed to the allegations seeking a recovery for a longer period than two years from the date of his appointment, which was sustained.

Answering to the merits defendant set up the following defenses:

1. That plaintiff prior to his appointment and qualification did not stand an examination as to his fitness and qualification for the office as prescribed by the charter and ordinances.

2. Limitation of two years.

3. That plaintiff had not complied with the requirements with reference to the execution of a bond before entering upon the duties of his office.

4. That by article 216 of the revised ordinances of the city the marshal was clothed with the power to suspend or discharge policemen for malfeasance or misfeasance, his action to be reviewable on appeal to the city council. That plaintiff did not appeal from the exercise of this power on the part of the marshal, but acquiesced therein, devoting his

time to private pursuits which were incompatible with the further performance of his official duties. That his successor was appointed and qualified, discharging the duties of the office, receiving the salary therefor, and plaintiff has brought no suit to oust him, wherefore he is estopped to deny that he has acquiesced in his discharge and abandoned his office.

5. That the marshal in discharging him acted on authority of the mayor, who had the power to discharge plaintiff at any time.

6. That shortly after plaintiff's discharge the city council appointed a full corps of policemen, some one of which actually succeeded plaintiff in his office, and since he has not been ousted by a suit for the office plaintiff's suit must fail.

7. That the marshal discharged plaintiff for drunkenness in office, and plaintiff's allegation that he was discharged without cause is untrue.

Plaintiff filed a supplemental petition containing among other things an exception to that part of the answer which sets up as a defense that the city appointed a full corps of policemen after plaintiff's discharge, and that some one of them, which defendant is unable to name, succeeded plaintiff. This exception was sustained.

It was not necessary to set out the remainder of the supplemental petition. Nor have we deemed it essential to set out the pleadings otherwise than in a most general way. They are lengthy and set out fully the various sections of the charter and ordinances upon which the parties respectively rely.

On the trial plaintiff established his appointment as alleged; his confirmation by the council; his qualification thereunder and service until August 11, 1898; his dismissal by the marshal; his offer thereafter to serve and his readiness always to do so; the persistent refusal to accept his services and the dropping of his name from the roll.

It was also shown that the stipulated salary was $75 per month and that payment was refused when his services were dispensed with.

It was also shown that thereafter a full corps of policemen was organized by the city and the appointees duly qualified, but it appeared that the nature of the office was such that plaintiff had no successor, nor did defendant undertake either to aver or prove that the vacancy left by plaintiff's discharge was filled by a subsequent appointment, but confessed its inability to name such person.

Such other facts or details as are necessary to the determination of the case will be set out in their proper connection.

Appellant contends under the first assignment that the court should have sustained the general demurrer, because sections 26 and 26a of the city's charter by which the policemen's terms of office was prescribed is violative of the Constitution and plaintiff's appointment to the office a nullity.

The articles in question evidence a purpose to place the employes of

the police, fire and health departments of the city of Houston under what is known as civil service regulations, the provision being to the effect that the appointees shall hold office during good behavior and efficient service and shall not be discharged except upon complaint for cause. The charter establishes a tribunal for the hearing of such complaints to be known as the police, fire and health board. No officer or employe is removable except by the judgment of this board, its action being reviewable by the council.

The effect of these provisions, if valid, would constitute an office for life if good behavior and efficient service were commensurate. But that such effect can not be given them has been decided. It has also been settled that since the Constitution limits the terms of all officers, not otherwise fixed, to two years, this provision will be construed to fix the tenure at the constitutional term subject to the provision of removal for cause during that time. That the unconstitutional provision may be discarded without nullifying the entire law is held in Albers v. City of Houston, 73 S. W. Rep., 1084; Proctor v. Blackburn, 28 Texas Civ. App., 351, 67 S. W. Rep., 548; Cawthon v. City of Houston, 71 S. W. Rep., 329. It follows that the general demurrer was properly overruled.

In view of the rule announced in the cases cited it follows also that the proposition urged by appellant that as no term of office was fixed the plaintiff held at the will of the appointing power, is without merit. Such authorities as Keenan v. Perry, 24 Texas, 263, are inapplicable for obvious reasons.

Under the third assignment defendant complains of the overruling of the second special exception which is addressed to the allegations that the marshal suggested plaintiff's name to the mayor, who nominated him for a place on the police force and his nomination was thereafter confirmed by the city council, and that on the same day he took the oath of office and was assigned to duty.

The points urged against the allegation are in substance:

1. That it is thereby sought to take from the mayor his independent power of appointment.

2. The allegation that he qualified for the office is a conclusion of the pleader.

3. It was not shown what was necessary to be done to qualify as such officer.

The first point is without merit, because under the ordinance regulating the appointment of policemen the mayor had no independent power of appointment, and under the charter he had no authority to discharge.

The second and third points, if valid against the original petition, are cured by sufficient allegations in the supplemental petition.

The thirteenth assignment can not be sustained, because though the police, fire and health board is authorized to formulate rules for the examination of applicants for positions on the police force, yet if none

were made it would not affect plaintiff's right to the office. If the board had in fact made rules and the plaintiff had not submitted to them it would at most be defensive matter to be set up by the city. The question can not be raised by exception. This also disposes of the fourteenth assignment.

The other exceptions to the pleadings are not presented in the brief.

By the sixteenth assignment defendant assails the action of the trial court in sustaining plaintiff's special exception number 2. This exception was addressed to the defense that the city had appointed a successor to plaintiff and the latter had not sought to oust him by suit or otherwise, and was therefore estopped to set up his right to the office.

The answer discloses that the office of policemen was not a distinct office, and that while new policemen were appointed no particular person took plaintiff's place. We think the exception was rightly sustained for the reason suggested. Albers v. The City, supra.

This disposes of the several assignments addressed to the refusal of the court to hear proof upon the issue.

The plaintiff proved that in qualifying for the office he executed and delivered to the mayor a bond in the sum of $500 with two sureties conditioned as required by law. That it was prepared according to the blank printed form furnished by the city. Was accepted by the mayor. That he was thereupon assigned to duty as alleged, and that no question had been made as to its sufficiency either in form or substance by the city or anyone for it.

This proof was objected to on the ground (1) that the bond did not appear to be approved; (2) that the ordinance required the sureties to append written affidavits as to their solvency, which was not done; and (3) that the ordinance required the sureties to bind themselves to pay all fines assessed against the principal for official misfeasance, and it was not so conditioned.

The third objection is untenable in any event, because the bond is conditioned as required by the charter. The provision of the ordinance that the sureties shall be responsible for fines imposed against their principal is merely declaratory of the legal effect of the instrument and is not a prescribed condition of the bond.

But aside from this none of the objections are material, for the proposition that the execution of a proper bond is not a condition precedent to the right to the office is sustained by the decided weight of authority. If there is any valid objection to the bond it must be urged and the official given an opportunity to file another curing the defect.

It was shown that in December, 1898, plaintiff was appointed by the mayor as special policeman, served ten days as such, and received therefor $2.50 per day.

It is contended by appellant that this was an acceptance of an inconsistent office and operated as an abandonment of the other. Further, that the court should at least have credited the amount of recovery with the sum thus received

The mayor is empowered to appoint special policemen to meet emergencies, the employment to terminate when the emergency ceases. While the question is by no means free from doubt, we are of opinion a special policeman appointed under the above authority to meet an emergency, which by its nature forbids the resort to the usual form of recommendation, approval, etc., is not an officer in the sense contended for by appellant. It follows that the acceptance of the brief employment referred to did not amount to an abandonment of the office in question.

While the questions made and the manner of their presentation has rendered it necessary for us to dispose of most of the assignments in detail, the case is nevertheless a simple one, the facts without complication, and the questions simple and most of them well settled.

The plaintiff was appointed and entered upon the duties of an office which he might hold for two years unless lawfully ousted. The charter has been thus construed and the question is not an open one. Cawthon's, Albers' and Proctor's cases, supra.

While the manner of his qualification might not have been in strict conformity with the requirements of the charter and ordinances, he took the official oath and gave a bond which was accepted without objection and no question was made concerning it at any time during his term. That under these facts he became an officer de jure is sustained by the weight of authority. Smith on Mod. Law of Mun. Corp., sec. 184; Mechem on Pub. Off., sec. 255-267; Cronin v. Willard, 97 N. Y., 271; Foot v. Styles, 57 N. Y., 399; McGregor v. Supervisors, 37 Mich., 388; People v. Benfield, 80 Mich., 265; Glavey v. U. S., 182 U. S., 595; U. S. v. Bradley, 10 Pet., 343; U. S. v. Linn, 15 Pet., 290.

He was thereafter discharged without cause by one having no authority to oust him, and this in direct contradiction of an explicit charter provision. The effort to oust him was a nullity, and his salary being an incident of the office, his right to the emoluments did not depend on the performance by him of official service.

The defendant alleges that by the very nature of the organization of the police force plaintiff could have no successor in office. The contention of the city that he should first have brought a proceeding to oust his successor is therefore without merit.

The salary being an incident to the office and the failure on the part of plaintiff to perform official duty being the fault of the defendant, his engagement in other pursuits did not affect his right to recover.

We are of the opinion the judgment should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.