## HARRY DUPUY V. THE STATE.

No. 18874.   Delivered June 2, 1937.

The opinion states the case.

*T. B. Bartlett* and *Prentice Oltorf,* both of Marlin (*Geo. H. Carter,* of Marlin, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for four years.

The proof on the part of the State was to the effect that appellant was the duly elected collector and assessor of taxes of the Marlin Independent School District, and that he embezzled approximately six thousand dollars belonging to said district, which had come into his possession by virtue of his office as tax collector. The State proved that the school board did not consent to appellant's conversion of said money. Testifying in his own behalf, appellant denied that he had ever had any intention to defraud the district.

The prosecution proceeded under Art. 1534, P. C., which reads as follows:

"If any officer, agent, clerk, employe, or attorney at law or in fact, of any incorporated company or institution, or any clerk, agent, attorney at law or in fact, servant or employe of any private person, copartnership or joint stock association, or any consignee or bailee of money or property, shall embezzle, fraudulently misapply or convert to his own use, without the

consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency or employment, he shall be punished in the same manner as if he had committed a theft of such money or property."

Omitting the formal parts, the count of the indictment under which appellant was convicted reads as follows:

"Harry Dupuy was an agent of an incorporated institution, to-wit, Marlin Independent School District, and the said Harry Dupuy did then and there fraudulently embezzle, misapply and convert to his own use without the consent of the said incorporated institution, certain money belonging to said incorporated institution, to-wit, the sum of Five Thousand Nine Hundred and Sixty-nine and 75/100 ($5,969.75) Dollars, in money of the value of Five Thousand Nine Hundred and Sixty-nine and 75/100 ($5,969.75) Dollars, which said money had come into the possession and was under the care of said Harry Dupuy by virtue of his said agency."

In El Dorado Independent School District et al. v. Tisdale et al., 3 S. W. (2d) 420, it is said:

"In constitutional terms (sec. 1, art. 7) it is commanded that the Legislature shall 'establish and make suitable provision for the support and maintenance of an efficient system of public free schools.' The object, manifestly, is a state object; its achievement, as plainly, is to be in consequence of user of state power—governmental in se."

In Lee v. Leonard Independent School District, 24 S. W. (2d) 449, the court said:

"School districts are but subdivisions of the state government, organized for convenience in exercising the governmental function of establishing and maintaining public free schools for the benefit of the people. School trustees are public officers, whose powers come under the control of the Legislature."

See also 37 Tex. Jur., 865.

Appellant was a public officer. It is our understanding that in order to charge an officer with embezzling or misapplying public funds, he must be charged as such, and his duties as such officer must authorize or require him to receive money in his official capacity. Dickey v. State, 144 S. W., 271. In the present case, it is observed that it is averred in the indictment, in accordance with the requirement of Art. 1534, that appellant embezzled the money without the consent of the incorporated institution. Manifestly, the trustees of the district had no authority to authorize appellant to convert to his

own use the money of said district, and if appellant had proven that such consent had been given he would not have been exonerated. We think it is clear that embezzlement by a tax collector of the money of his school district received by him in his capacity as a public officer, is not comprehended by the provisions of Art. 1534, supra.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.