L. B. STANDLEY, Appellant,

v.

ALDINE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 3186.

Court of Civil Appeals of Texas.

Waco.

June 10, 1954.

Rehearing Denied Sept. 16, 1954.

Robert L. Sonfield, Houston, for appellant.

Painter & Painter, Houston, for appellee.

McDONALD, Chief Justice.

This is a suit for salary by a former Tax Assessor-Collector of an Independent School District against the School District. Parties will be referred to as in the Trial Court.

Plaintiff was appointed Assessor and Collector of Taxes for the School District by resolution of the Board of Trustees which recited that the appointment was for one year beginning 1 February 1950. Plaintiff posted $10,000 bond, which amount was fixed by the Board of Trustees, took the oath of office and entered upon the duties of the office, and continued to perform such duties until 30 June 1951. On 27 March 1951 the Board of Trustees adopted a resolution that Plaintiff's *"contract"* be extended one year beginning 1 February 1951 at a monthly salary of $425. On 30 June 1951

as plaintiff attempted to enter the office occupied by him as Assessor and Collector of Taxes, he was forcibly prevented from entering by two members of the Board of Trustees, who informed him that by resolution adopted 29 June 1951 he was "fired". He was prevented from thereafter performing the duties of such office, although he remained ready to perform them; was paid his salary through 30 June 1951, but has received no pay for the remaining 7 months of his term. The Board thereafter on 23 July 1952 appointed one Burmeister to serve as Assessor-Collector and has paid him $425 per month since.

Plaintiff contends that while it is not necessary for him to have exhausted his remedy through the School System, that as a matter of precaution he appealed to the Commissioner of Education, who by written opinion, held in substance that a Tax Assessor-Collector of a School District is a public officer rather than an employee of the District; that the term of such office is two years by operation of law; that as such he was subject to removal by the District Court and the Board had no power to remove him; but that he could not recover the seven months salary since he failed to establish that funds were available with which to pay such "debt".

Motion for Rehearing was granted by the Commissioner, but by written opinion adhered to the original determination. Appeal was made to the State Board of Education, who affirmed the opinion of the Commissioner.

Suit was then filed in the District Court where trial was before the court without a jury. Judgment was rendered for defendant and plaintiff appealed. Plaintiff requested filing of Findings of Fact and Conclusions of Law, which were filed. Plaintiff thereupon requested further Findings and Conclusions, which were by the Trial Court, except in 1 instance, refused. The Trial Court's Findings of Fact are substantially set out hereinabove while the Conclusions of Law are to the effect that the plaintiff's rights stem from his "contract" with the Board of Trustees; that

in order to recover on a contract against an Independent School District it must be alleged and proved that funds were on hand and available at the time of the contract; and that funds of other school years shall not be used to pay indebtedness created by contract purporting to extend into another scholastic year.

Plaintiff appeals to this court on 33 Points, but which present the following basic contentions: (1) That the office of Tax Assessor-Collector of an Independent School District is a public office of emolument; (2) that the term for same not being prescribed in the law creating it, was two years; (3) that as a public officer he was subject to removal only by the District Court in the manner prescribed by law; (4) that he was entitled to the compensation or emoluments of his office without the necessity of establishing the availability of funds.

Plaintiff's 1st contention is that the office of Tax Assessor-Collector of an Independent School District is a public office, and the holder thereof is a public officer.

■ Article 2791, R.C.S.Vernon's Ann. Civ.St. art. 2791, provides: "There is hereby created the office of assessor and collector of each independent school district * * * who shall be appointed by the Board of Trustees thereof, and shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the assessor and collector of taxes in and for any incorporated city, town or village * * * he shall receive such compensation * * * as the Board of Trustees may allow * * * not to exceed four (4) per cent of the whole amount of taxes received * * *. He shall give bond in double the estimated amount of taxes coming annually into his hands * * *."

The duties of an Assessor and Collector of Taxes of an Independent School District are many and varied, and are found in Chapter 5 of Title 28, art. 1026 et seq., and in Title 122, art. 7041 et seq., of our Statutes. Neither the Board of Trustees nor any other officer of the School District is given any supervisory control or authority. All duties are derived from the law itself and not by contract.

The Assessor and Collector of Taxes of an Independent School District is a public officer and the office is one of emolument. Dupuy v. State, 132 Tex.Cr.R. 539, 106 S.W.2d 287; Dupuy v. State, 135 Tex.Cr. App. 595, 121 S.W.2d 1003; Knox v. Johnson, Tex.Civ.App., 141 S.W.2d 698, (er. ref.); Pruitt v. Glen Rose Ind. Sch. Dist., 126 Tex. 45, 84 S.W.2d 1004, 100 A.L.R. 1158; Odem v. Sinton Ind. Sch. Dist., Tex. Com.App., 234 S.W. 1090; Blewett v. Richardson Ind. Sch. Dist., Tex.Com.App., 240 S.W. 529; Dorenfield v. State, 123 Tex. 467, 73 S.W.2d 83.

■ Defendant School District contends that since estimated taxes was approximately $100,000, and since the bond filed was only $10,000, and not in the amount fixed by Article 2791, that plaintiff was not a de jure officer, but only a de facto officer. A defect in the bond of a public officer is not sufficient to constitute him a de facto officer. The execution of a proper bond is not a condition precedent to the right to the office. Any objection to the bond of a public officer must be urged and the official given opportunity to cure the defect. State ex rel. Bickford v. Cocke, 54 Tex. 482; City of Houston v. Estes, 35 Tex.Civ.App. 99, 79 S.W. 848 (er. ref.). Further, Article 16, Sec. 1 of the State Constitution, Vernon's Ann.St., requires public officers "before they enter upon the duties of their offices" to take the "oath", but there is no constitutional or statutory provision with respect to the execution of the requisite bond "before they enter upon the duties of their offices".

Plaintiff's 2nd contention is that the term for a Tax Assessor-Collector of an Independent School District not being prescribed by law, is for 2 years.

■ We believe that plaintiff was a public officer. Article 16, Sec. 30 of the State Constitution provides that "the duration

of all offices not fixed by this Constitution shall never exceed two years". Our courts have consistently held that where the term of office is not prescribed by the Constitution or the law creating it, that the term is 2 years. City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S.W. 735; City of Houston v. Estes, 35 Tex.Civ.App. 99, 79 S.W. 848 er. ref.; City of Paris v. Cabiness, 44 Tex.Civ.App. 587, 98 S.W. 925; Callaghan v. McGown, Tex.Civ.App., 90 S.W. 319, 322, er. ref.

■■ We therefore conclude that plaintiff when appointed was entitled to hold office for two years, unless properly removed. The attempted limitation of plaintiff's tenure on the part of the Board of Trustees in his original appointment was of no effect; and the resolution of the Board in extending plaintiff's contract for one year beginning 1 February 1951, at a monthly salary of $425 was in effect merely an order fixing plaintiff's salary under the terms of Art. 2791, R.C.S.

Plaintiff's 3rd contention is that as a public officer, he could only be removed prior to the expiration of his term by the method prescribed by the Constitution and Statutes of the State of Texas.

■ Article 5, Sec. 24 of the State Constitution provides for the removal of county officers and the method of such removal. Article 15, Sec. 7, provides for the removal of state officers. Articles 5961 through 5997 relate to the removal of officers and provide for the removal of county officers for certain causes by the District Judge. Nowhere is it provided that the Board of Trustees have authority to remove the Assessor and Collector of Taxes. We think that the only way the Tax Assessor-Collector of an Independent School District, who is a public officer, can be removed from office is in the method prescribed by the statutes cited above, and that the action of the defendant School Board in attempting to "fire" plaintiff was a nullity. Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 135 Tex. 280, 142 S.W.2d 945; Dorenfield v. State, 123 Tex.

467, 73 S.W.2d 83; Hendricks v. State, 20 Tex.Civ.App. 178, 49 S.W. 705; Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120.

Plaintiff's 4th contention is that since he was a public official with a two year term—and since he was unlawfully ousted from his office, that he is entitled to the compensation of his office without the necessity of establishing the availability of funds.

■ Defendant contends that any compensation due plaintiff constitutes a "debt" and that the Trustees of the School District are not empowered to contract a debt against the funds of future years, for which reason plaintiff must allege and prove available funds to the School District with which to pay same.

The compensation of a public officer does not constitute a "debt". An obligation to create a "debt" within the legal meaning of that term must be imposed by contract. McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322; Texas & N. O. Ry. Co. v. Galveston County, 141 Tex. 34, 169 S.W.2d 713; Stevenson v. Blake, 131 Tex. 103, 113 S.W.2d 525.

■ The Legislature provided that from taxes collected the maximum compensation to the Collector was 4%, Art. 2791, R.C.S. The Assessor-Collector therefore has a property right therein to the extent of the compensation due him. Bastrop County v. Hearn, 70 Tex. 563, 8 S.W. 302.

The right of plaintiff to the office for the two year term and to its emoluments constitutes "property", and if illegally ousted plaintiff is entitled to recover the prescribed salary or emolument for the remainder of his term. Art. 1, Sec. 19 of our State Constitution provides that no citizen shall be deprived of life, liberty, or "*property*" except by the due course of the law; and Sec. 13 provides that all courts shall be open; and every person shall have the remedies of due course of law for injury done him.

■ Public office is property. This is true in the sense that the right of the per-

son elected or appointed to possession of the office and the enjoyment of its rights and emoluments is his property—a private right which the Constitution protects and the courts will enforce. 34 Tex.Jur. 6; State ex rel. Jennett v. Owens, 63 Tex. 261; Bastrop County v. Hearn, 70 Tex. 563, 8 S.W. 302, 303.

 Plaintiff had a "property right" in the office to which he was appointed, and the emoluments thereof. The fact that he did not perform the duties of the office for the last 7 months was no fault of his. He was willing to perform, and under such circumstances is entitled to the salary affixed to the office. City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S.W. 735; Castleman v. Williams, Tex.Civ.App., 263 S.W. 638; Ridgway v. City of Fort Worth, Tex. Civ.App., 243 S.W. 740, er. dis.

The fact that the defendant School District paid the salary due to plaintiff to Burmeister, who filled the office for the last 7 months of plaintiff's term, does not relieve defendant of its liability to plaintiff. Where a de jure officer is wrongfully ousted, the fact that a subsequently appointed de facto officer is paid a salary can not operate to deprive the de jure officer of his salary. City of San Antonio v. Steingruber, Tex.Civ.App., 177 S.W. 1023 and Tex.Com.App., 220 S.W. 77.

The Conclusions of Law of the Trial Court, while correct as abstract statements of the law, have no application to the case at bar.

Since we have concluded that the plaintiff is a public officer—holding a public office—that his term is for two years by operation of law; that his compensation for same is an emolument or property right—and does not stem from contract—the judgment of the Trial Court must be reversed and judgment here rendered that plaintiff recover compensation for the office of Tax Assessor-Collector of Aldine Independent School District at the rate of $425 per month for the remaining 7 months of his term of office, together with legal interest on each installment from the date it be-

came due and payable; and that all costs of court be taxed against defendant. Further, the Trial Court is directed to issue a Writ of Mandamus or such other requisite writs compelling defendant School District to perform all necessary acts for the payment of the judgment here rendered.

Reversed and rendered with instructions.