

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 21, 1972

Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Opinion No. M- 1189

Re: Whether a cashier in
the accounting depart-
ment of the Texas
University Medical
School at San Antonio
may be deemed a clerk
or other employee of
"an officer of the
government" and subject
to Article 86, V.P.C.,
concerning "Protection
of Public Money," and

Dear Mr. Butler:

related question?

  In your recent request you asked for an opinion from
this office on the following questions relating to the Texas
University Medical School at San Antonio:

  Question No. 1

    Are the duly appointed Board of Regent members
officials of the State government?

  Question No. 2

    Are the nonelected officers, such as a dean,
officials of the State government?

  Question No. 3

    Is a cashier in the accounting department or
a clerk or other employee "an officer of the

-5804-

government" so as to come under Article 86, Texas Penal Code, <u>Protection of Public Money</u>?

## Question No. 4

If so, are the monies collected by such a cashier for parking fees and registration fees considered public money under the same statute?

The term "public office" has been defined as ". . . the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. . . ." <u>Kimbrough v. Barnett</u>, 93 Tex. 301, 55 S.W. 120, 122 (1900). Accord: <u>Aldine Indep. Sch. Dist. v. Standley</u>, 154 Tex. 547, 280 S.W.2d 578 (1955); <u>Knox, et al. v. Johnson</u>, 141 S.W.2d 698 (Tex.Civ.App. 1940, error ref.); <u>Northwestern Natl. Life Ins. Co. v. Black</u>, 383 S.W.2d 806 (Tex.Civ.App. 1964, error ref. n.r.e.).

In <u>Splawn v. Woodard</u>, 287 S.W. 677 (Tex.Civ.App. 1926, no writ) at page 681 it was held that ". . . The regents /of the University of Texas/ are clearly officers of the state, charged with the duty of management and control of the University and its property. . . ." (Brackets added.) See, Tex. Educ. Code, Sec. 65.31(a), 74.151 and 65.32. This holding was more recently supported by <u>Rainey v. Malone</u>, 141 S.W.2d 713 (Tex.Civ.App. 1940, no writ).

A dean of a medical school is not a public officer or an official of the State government. He does not exercise the sovereign functions of the government, independent of the control of others, for the benefit of the public. <u>Aldine Indep. Sch. Dist. v. Standley</u>, supra. He may be a contract employee or an agent of the Board of Regents, but this does not make him an official of the State government.

Question No. 3 concerns Article 86 of Vernon's Penal Code which reads:

"If any officer of the government who is by law a receiver or depositary of public money, or any clerk or other person employed about the office of such officer, shall fraudulently take, misapply or convert to his own use, any part of such public money, or secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less than two nor more than ten years." (Emphasis added.)

While penal statutes are generally strictly construed against the state or prosecution, every law on the subject of the crime is not to be construed so strictly as to defeat the legislative intention. 53 Tex.Jur.2d 305, Statutes, Sec. 198, and cases cited. Article 86 was enacted pursuant to Article 4, Section 25, Texas Constitution, which mandated the Legislature to ". . . pass efficient laws facilitating the investigation of breaches of trust and duty by all custodians of public funds . . ." It is apparent that the statutory intent was to protect the state from custodians of public monies who worked in or about the office of any officer of the government. Such an officer's duties must either authorize or require him to receive money in his official capacity. Dupuy v. State, 132 Tex.Crim. 539, 106 S.W.2d 287 (1937).

Whether the cashier in the accounting department of the University of Texas Medical School at San Antonio may be considered a "clerk or other person" employed in or about an office of an officer of the government, that is, of the Board of Regents of the University of Texas in this case, presents a mixed question of fact and of law. While it is shown that the cashier was authorized "to assist in the receipt and custody of cash and fee payments to the institution," insufficient facts

are presented to establish as a matter of law that the clerk was actually employed in or about the Board of Regents' office. The Board of Regents may well have several offices, provided they are so intended and used as such an **"office"** about which the particular cashier or person handled the public money as a custodian for the Board of Regents. Under a theft or burglary statute forbidding the entering of any "office" with intent to commit larceny or any felony, it has been held that a stationary trailer on wheels, which were embedded in the ground, and which trailer was used as an office, constituted an "office" within the penal statute. See State v. Parsons, 70 Ariz. 399, 222 P.2d 637, 639-640, (1950), holding that such type of office

> ". . . does not deprive it of protection under the burglary statute. Webster's International Dictionary (2d ed.) defines an 'office' to be the place where a particular kind of business or service for others is transacted. . . . See also Anderson v. State, 17 Tex.App. 305, 310, and Houston v. Kirschwing, 117 Colo. 92, 184 P.2d 487."

We construe the statute to be comprehensive enough to include "office of such officer" to mean all offices under an officer's control, provided the place involved was so intended, designated, and actually used in fact as an office. Since we have no authority to determine fact questions, we are unable to conclude in this opinion as a matter of law that the particular cashier in this instance, under all of the facts and circumstances, was a person employed in or about an office of the Board of Regents. This is a question for the trier of facts.

From the facts presented, the money received by the cashier in question is public money, regardless of where or in what type of an account it is deposited. The money is constructively held in that account for the State treasury. In Boyette v. Calvert 467/2/205 C.A. 1971, err. ref., n.r.e. @p. 209, it was held that the term "Treasury" refers "not just

to funds in a particular vault belonging to the Treasurer, but more generally to funds on deposit in the various banks to the credit of the Treasurer." Thus the monies collected by the cashier would be "public monies."

### S U M M A R Y

The duly appointed members of the Board of Regents of the Texas Medical School at San Antonio are officers of the government, but the dean of that school is not an officer of the government. A cashier in the accounting department of the school may or may not be a clerk or other employee of "an officer of the government" so as to become subject to Article 86 of the Texas Penal Code, that issue being a mixed question of fact and law. However, the monies collected by such cashier are public monies.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Sig Aronson
John Traylor
Bill Flanary

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant