*LOZE vs. MAYOR, ALDERMEN, ET AL.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

An ordinance of the city council is binding although it be promulgated in the French language only.

Eastern District,
*May* 1831.

LOZE
*vs.*
MAYOR, ET AL

The plaintiff was farmer of the taxes on drays, carts, and other vehicles, imposed by an ordinance of the city council, promulgated in French only.

As farmer he prosecuted various delinquents, and failed. He instituted this suit for indemnification. There was judgment for the defendants, and the plaintiff appealed.

*Seghers* for appellant.

No law is binding on the public unless it be published both in the English and French languages.

*Martin, J.,* delivered the opinion of the court.

The plaintiff, farmer of the collection of certain taxes imposed by ordinances of the city council, was cast in several actions for the recovery of these taxes, on the pleas of the defendants that they could not be bound to pay taxes imposed by ordinances of the city council promulgated in the French language only; and those under which he claimed not having been promulgated in any other manner, he appealed to the City and Parish Court, in which he was assisted by the counsel of the city, and the judgments were confirmed.

He brought the present suit for relief, and is appellant of the judgment of the District Court, which decides that such ordinances are binding, though they be not promulgated in the language in which the constitution of the United States is written.

It does not appear to us the District Court erred. The constitution of this state has, indeed, prescribed the use of the national language in the promulgation and preservation of all laws that may be passed *by the legislature*, the public records *of the state*, the legislative and judicial written proceedings of the same.—*Sect.* 5.

# 428

Eastern District,
*May* 1831.

LOZE
*vs.*
MAYOR, ET AL.

An ordinance of the city council is binding although it be promulgated in the French language only.

We are of opinion that this constitutional provision cannot, without too forced a construction, be extended to the by-laws and ordinances of corporations. Whatever force and effect such by-laws and ordinances may have, they are not *laws passed by the legislature of the state.* In the case of the Police Jury vs M'Donough, we held that the proceedings of police juries did not come within the provisions of the constitution; and the present case cannot be distinguished from that.

The defendants were not parties to the suit in which the present and then plaintiff failed, from the circumstance of his not being entitled to an appeal from the Parish Court. The circumstance of the city having afforded him the aid of their counsel, does not render the decision *res judicata* against it.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.