LANDREAUX  
*v.*  
MARSOUDET.

</div>

---

## THE FIRST MUNICIPALITY *v.* CUTTING.

It is no objection to the validity of an ordinance of one of the municipalities of New

Orleans, containing a prohibition and attaching a penalty to its violation, that it purports by its terms to be a resolution.

Decision in *First Municipality* v. *Devron*, ante, p, 278 affirmed.

The right to establish markets is a branch of the sovereign power, and that of regulating them is necessarily a power of municipal police.

The rigid rules by which the validity of penal statues is to be tested, are inapplicable to the by-laws of a municipal corporation.

The fines which a municipal corporation is authorized to recover for the violation of its ordinances is a penalty in the nature of liquidated damages, and established, as such, in lieu of the damages which a court would be authorized to assess in place thereof.

A by-law, or ordinance of a municipal corporation, must be consonant with the law of the land; but it must receive a reasonable construction, and its terms must not be strictly scrutinized for the purpose of making it void.

APPEAL from a judgment of a Justice of the Peace in New Orleans: *Preaux* and *Morel*, for the plaintiffs. *Latour* and *Roselius*, for the appellant. The judgement of the court ( *King*, J, absent,) was pronounced by

EUSTIS, C. J. This is an appeal from a judgment of one of the justices of the peace of New Orleans, rendered against the defendant for the amount of a fine incurred by him, for a violation of one of the ordinances of the First Municipality. The ordinance is in these words : "*Resolved*, that after the promulgation of this resolution, any person selling groceries at the markets shall pay a fine from twenty-five to fifty dollars, for each and every time he shall violate the ordinance forbidding to sell groceries under the meat and vegetable markets." The ordinance to which this refers provides that, "from and after the 1st of January, 1846, it shall not be lawful to sell groceries and oysters, either at the meat or at the vegetable markets."

The first and most material objection which has been taken to the validity of this ordinance or by-law is, that it purports by its terms to be a resolution, and as such has not the force and effect of a legal ordinance or by-law. We considered this objection in the case of *The First Municipality* v. *Devron*, recently decided, and it was not without difficulty that we came to the conclusion in favor of its legality. That conclusion was founded on the indefinite character of the powers given to the mayor and city council of the late city of New Orleans, by the several statutes on that subject. No form in which their legislative acts are to be exercised is given in any of the statutes. They have authority to make and pass by-laws or ordinances, and, in one instance, fines imposed by the *regulations* and by-laws of the corporation, are recognized as valid. Moreau's Digest, vol. 2. p. 124. In another instance, provision is made for the recovery of fines incurred for offences committed against the ordinances and regulations enacted by the city council. Considering therefore that the ordinance contained a prohibition with the penalty attached, it was in fact a by-law or *regulation*, and. the form made use of in enacting it did not render it void as such. It was signed by the mayor, and no valid objection was made to the power of the council to enact it.

It is contended that the corporation has no right to prohibit the sale of groceries in the public markets. The right to establish markets is a branch of the sovereign power, and the right of regulating them is necessarily a power of municipal police. See Blackstone's Com. vol. p. 274. Domat, Droit Public, lib. 1. sect. 3. This power is vested by positive law in the mayor and council of each municipality, upon whom rests the responsibility of the peace, comfort and order of the assemblages collected at fixed hours at these great thoroughfares; The limitation of the sales to perishable objects necessary for the daily support

of the inhabitants, and the exclusion of other articles appear to us to be obvious- <span style="float:right">FIRST MUNICI-</span>
ly within the powers vested in the municipal administration.   *Morano* v. *The*  PALITY
*Mayor,* 2 La. 218.  v.
CUTTING.

It is next contended that the resolution is illegal, because it refers to an ordinance forbidding the sale of groceries in the two markets, without stating what ordinance; and no such ordinance has been shown.   The ordinance referred to we have recited at length; it prohibits the sale of groceries *and* oysters.

If the ordinance under consideration were a penal statute, the penalty might not be enforced by reason of its want of certainty; but we do not understand that the strict and rigid rules by which the validity of penal statues is to be tested, are to be applied to the by-laws of a municipal corporation.   The by-laws of very few of these corporations could stand such a test.   *Loze* v. *The Mayor of New Orleans,* 2 La. 427.

We understand the fine which a municipal corporation is authorized to recover for the violation of its ordinances to be a penalty in the nature of liquidated damages, and established as such in lieu of the damages which a court would be authorized to assess.   Willcok on Municipal Corporations, no. 368.   A by-law must be consonant with the law of the land; but it must receive a reasonable construction, and its terms must not be strictly scrutinized for the purpose of making it void.   Idem. no. 382.

The sense of the ordinance in question being plain and obvious to the most common understanding, we do not think it void by reason of uncertainty.

<div style="text-align:right">*Judgment affirmed.*\*</div>

---

\*A similar decission, for the same reasons, was rendered at the same time, in the case of the *First Municipality v. Vogtel.*