## P. P. BAILEY v. THE STATE.

1. CONSTITUTIONAL LAW. *Term of office.*
   A constitutional term of office may be abridged by amending the Constitution.

2. SAME. *Chancellors. Act of 1876.*
   The act of the Legislature dividing the State into chancery districts, under the substitute incorporated into the Constitution in 1876 in place of sect. 17 of art. 6,

and authorizing the governor to appoint new chancellors for full terms, vacated the office of chancellors then holding, and deprived them of the right to compensation for their unexpired terms.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

This action of *assumpsit* was brought by P. P. Bailey against the State, upon a claim of $5,500 as a balance due on his salary as a chancellor. A demurrer was filed for the defendant, which was sustained, and the plaintiff sued out a writ of error.

The seventeenth section of art. 6 of the Constitution of 1869 provided that, —

" The Legislature shall divide the State into a convenient number of chancery districts, to be composed of not more than four counties. Chancellors shall be appointed in the same manner as the judges of the Circuit Courts. Their qualifications shall be regulated by law, and they shall hold their office for the term of four years. They shall hold a court in each county at least four times in each year, and shall receive such compensation as may be provided by law."

Under this constitutional provision, the Legislature, by art. 1 of chap. 9 of the Code of 1871, divided the State into twenty chancery districts. The plaintiff in error was appointed, in the manner provided by the Constitution and laws thereunder, chancellor of the Eleventh District, for a term of four years, to commence on the sixteenth day of June, 1874.

In 1875, the following proposition for an amendment of the Constitution of the State was submitted to a vote of the people : —

" A joint resolution, relative to an amendment to the Constitution of the State of Mississippi, for the purpose of reducing the number of chancellors : —

"*Be it resolved*, by the Legislature of the State of Mississippi, two-thirds of the number of each house agreeing thereto, That it be, and is hereby, proposed to the electors of this State to vote, at the next general election, upon the approval or rejection of the following

amendment, as a substitute for the 17th section of the 6th article of the Constitution of the State: The Legislature shall divide the State into a convenient number of chancery districts. Chancellors shall be appointed in the same manner as the judges of the Circuit Courts. Their qualifications shall be regulated by law, and they shall hold their office for the term of four years. They shall hold a court in each county at least twice in each year, and shall receive such compensation as may be provided by law."

The proposed amendment was adopted by the people, and was by the Legislature inserted in the Constitution on the 18th of January, 1876, as "a substitute for the 17th section of article 6 thereof."

On the 4th of April, 1876, an act of the Legislature was approved, entitled "An act to establish Circuit and Chancery Court Districts in this State," by which the State was divided into new districts, and the number reduced to ten. A supplemental act, approved on the same day, contained the following provisions : —

" SEC. 3. *Be it further enacted,* That all laws and parts of laws heretofore enacted and now existing in this State, designating and fixing the time for holding the terms of the Chancery Courts in the several counties of this State, be, and they are hereby, repealed.

" SEC. 4. *Be it further enacted,* That hereafter it shall be unlawful for the auditor of this State to issue warrants in payment of any part of the salaries of persons heretofore appointed to the office of chancellor in this State, which may be claimed to have accrued after the passage of this act, and said offices are hereby declared to be vacant."

The act containing the above provisions took effect from its passage, and the governor proceeded to appoint new chancellors for the ten new districts. The plaintiff in error had been discharging the duties of his office and receiving the emoluments thereof from the commencement of his term up to the passage of this act.

*P. P. Bailey,* plaintiff in error, *pro se.*

1. The pretended substitute for sect. 17 of art. 6 of the Con-

stitution was only an amendment. And there is nothing in the resolution submitting the amendment to a vote of the people, or in the section as amended, to authorize the removal of the chancellors. A constitutional officer cannot be removed by an amendment of the Constitution, unless it contains some specific change as to the length of the term, or the mode of appointment, or some provision for the incumbent to hold until his successor is qualified. The intention to repeal must be express, and cannot be implied. *Brady* v. *Howe*, 50 Miss. 68; 1 Kent's Comm. 466; 11 Co. 56. This amendment did not remove the chancellors, nor authorize the Legislature to do it. The Legislature cannot deprive a constitutional officer of his office. *Fant* v. *Gibbs*, 54 Miss. 396; 59 Pa. St. 109; 2 How. 732; 26 Wis. 430; 10 Ind. 101; 23 Ill. 547; 7 Jones, 548; 3 Metc. (Ky.) 237; 34 Cal. 475; 6 Cow. 651. The chancellors in this State hold by the same constitutional authority as the district attorneys, and this court declared that the Legislature could not deprive a district attorney of his office. *Fant* v. *Gibbs, supra.*

2. The plaintiff in error, by his commission, became vested with a valid right, which the Constitution and its amendments guaranteed to him. State Const., art. 6, sect. 17, and art. 1, sect. 9; Const. U. S., art. 1, sects. 9, 10, and art. 14, sect. 1; *Davis* v. *Mina*, 1 How. 184; 7 Geo. 273; 40 Miss. 349; Cooley's Const. Lim. 351 *et seq.;* 43 Pa. St. 372; 1 Cranch, 137; 28 Cal. 45.

3. The Legislature has no judicial power, and its act declaring the offices of chancellors vacant was void. 3 Scam. 238; 16 Mass. 245; 19 Ind. 356; 5 Pick. 67; Cooley's Const. Lim. 96; 12 Pa. St. 422; 21 La. 240, 490; 24 La. 19.

4. An officer holding under a constitutional provision cannot be ousted by an amendment, unless it be so repugnant to the original provision as to operate a manifest repeal thereof. *Nourse* v. *Hennepin County*, 3 Minn. 62; *Segur* v. *Cremshaw*, 8 La. 401; Jam. on Const. Conv., sect. 325; 10 Am. Law Rep. 647, and note; 23 Ill. 547; *The Commonwealth* v.

*Gamble*, 62 Pa. St. 343.   And a constitutional grant implies a prohibition of legislative interference.   *Lowe* v. *The Commonwealth*, 4 Metc. (Ky.) 237 ; *The Commonwealth* v. *Mann*, 5 Watts & S. 403 ; *McCafferty* v. *Gregor*, 9 Pa. St. 109 ; 3 Kent's Comm. 567 ; 1 Cow. 550 ; 25 Pa. St. 23, 28 ; Cooley's Const. Lim. 276 ; *Respublica* v. *McClean*, 4 Yates, 399.

*T. C. Catchings*, Attorney-General, for the State.

1. The adoption of the amendment, *per se*, terminated Bailey's title to the office.   The old constitutional provision is gone, and with it the office, there being nothing in the new provision to keep it alive.

2. Under the authority vested in them by the substitute, the Legislature destroyed the old districts and created new ones, and by their act vacated the office of chancellor under the old law.

3. The mischief was, too many chancellors maintained at public expense ; the remedy, to reduce the number.   This could not be done by waiting until the terms expired, because they ended at different times.   The offices had to be abolished.

CAMPBELL, J., delivered the opinion of the court.

The seventeenth section of art. 6 of the Constitution of this State, adopted on the first day of December, 1869, in providing for chancery districts to be composed of not more than four counties, and for a court in each county at least four times in each year, was in the way of a reduction of the number of chancellors.   The number made necessary by the Constitution was found to be much more than the interest of the State required.   To obviate this difficulty, the Legislature of 1875 passed a joint resolution, in accordance with art. 13 of the Constitution, for an " amendment, as a substitute for the seventeenth section of the sixth article of the Constitution." This proposed amendment, after being voted for by the required number of qualified electors, was inserted, by the next succeeding Legislature, as a part of the Constitution ; and

afterwards the Legislature divided the State into ten chancery districts, whereas before it was divided into twenty such districts, and provision was made for the appointment of a chancellor for each district, and for holding a court in each county twice in each year. Thus was accomplished the object of the amendment of the Constitution, — *i.e.*, a reduction of the number of chancellors, — as expressed by the title of the " joint resolution " proposing the amendment, which was entitled, " A joint resolution   *   *   *   for the purpose of reducing the number of chancellors."

The effect of the amendment was to give the Legislature the power to divide the State into such number of chancery districts as it saw proper to make, with a view to diminishing the number of chancellors to equality with the necessity of the State for these officers. The act of the Legislature, in dividing the State into chancery districts in pursuance of the constitutional amendment, had the effect to vacate the offices of the chancellors then in office, and to make it the duty of the governor to appoint chancellors, with the advice and consent of the Senate, to hold office for the term of four years.

The amendment of the Constitution became operative immediately. It was passed to remedy an existing evil, — viz., supernumerary chancellors, — and it was designed to afford an effective remedy, not prospectively, but at once, so soon as legislation could be had to carry it into practical operation. It was in the power of the State, by a constitutional amendment, to deprive chancellors of their office, and it was the manifest purpose of the amendment under consideration to so arrange that there should be no greater number than was determined by the Legislature, in creating districts, to be necessary. The idea of retaining in office, under their former appointment, the chancellors then in office is not contained in the amendment, is utterly inconsistent with its obvious purpose, and cannot be entertained. To retain any of them was not only inconsistent with the amendment, but impracticable. To retain the chancellors, double in number what the State required,

until the expiration of their four years' term of office, would be to thwart the intent of the amendment, and to subordinate the interest of the State to that of the chancellors.

The adoption of the amendment made it the duty of the Legislature to divide the State into such number of chancery districts as it thought proper ; for which it became the duty of the governor, with the advice and consent of the Senate, to appoint chancellors, who, when appointed, were the only chancellors in this State, those before existing having ceased to be such.

Judgment affirmed.