The opinion of the court was delivered by
Watkins, J.
The object of this application is to compel the respondent to grant relator a suspensive appeal from certain interlocutory judgments that he rendered' in a certain suit pending in his court.
The respondent returns that he granted the. defendant an injunction restraining plaintiff from collecting rents of the real property in controversy during the pendency of the suit; and also granted plaintiff a judicial sequestration of said rents and revenues, and directed the sheriff to collect and retain the same.
That the plaintiff moved for the dissolution of the injunction, and the defendant moved for the dissolution of thejsequestration; and that he maintained the injunction and quashed the sequestration.
He further returns that as the plaintiff — relator here — had “no apparent right of possession better than his principal’s — the defendant — and' as these were, Consequently,' interlocutory orders, not working an irreparable injury,”'he refused'to grant relator a suspensive-appeal from said decrees. '
The record brought up in the original shows that the relator brought suit for the revocation and annulment of certain alleged donations of certain valuable improved, real estate, situated in the city of New Orleans — the rental value of which was estimated at one hundred and twenty dollars per month — on the ground of ingratitude on the part of the donee and for other causes. To this' demand the defendant answered, and averred that she held title to the prop - erties in controversy, regular in form, and for which she paid a valuable and adequate consideration — disavowing said alleged donations.
Upon this real action .were engrafted, by supplemental proceedings, the defendant’s injunction to restrain plaintiff from collecting rents, and plaintiff’s judicial sequestration, requiring the sheriff to collect same pendente lite.
*1409 It is evident that the revenues were an incident of the suit, and the party decreed to be owner would ultimately be entitled to them.
Whether the judge improvidently granted and, consequently, properly quashed the sequestration, and correctly granted and refused to dissolve the injunction, are questions which are not of present concern; but the question is whether those decrees, interlocutory though they be, are of such a character that injury may result there - from to the plaintiff as relator. Code of Practice, 566; State ex rel. James L. Cole vs. Judge, 29 An. 803; Hyde vs. Jenkins, 2 La. 427.
In our opinion they are. If plaintiff remains under the operation and restraint of the injunction forbidding him to collect the revenues of the property during the pendency of the suit; and plaintiff can not obtain any relief from the decree dissolving his judicial sequestration directing the sheriff to collect and hold same for account of the successful party in the suit, he, necessarily, is placed in the situation of taking the risk of losing same notwithstanding he might win the suit.
We are of opinion that this is a proper case for the allowance of a suspensive appeal and that the relator is entitled to relief.
It is therefore ordered that the preliminary mandamus be made peremptory, commanding the respondent to grant the suspensive appeal requested and he be taxed with costs.