## City of San Antonio v. T. H. Micklejohn.

### No. 359.—Decided December 23, 1895.

**1.  City Ordinance—Resolution.**

The city charter of San Antonio empowered the city council to create by ordinance "any office or employ any agent they may deem necessary for the good government and interest of the city." The council by ordinance created the office of "superintendent of public works." The office was filled. Subsequently the council by resolution attempted to abolish the office. In an action by the officer for his salary, he having offered to perform the duties of the office, held that the office could not be abolished by resolution, and that the resolution did not have the effect of an ordinance. It takes a law to repeal a law, and a resolution proper is not a law when legislation by the city council could be exercised only by ordinance. (Pp. 81, 82.)

**2.  Right of Officer to Salary.**

The superintendent of public works of the city of San Antonio during his term of office was entitled to his salary, he having offered to perform the duties of his office, notwithstanding an ineffectual effort to abolish the office by the city council. (P. 83.)

Certified questions from Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*R. B. Minor,* for plaintiff in error, City of San Antonio. If it was conceded that, under sections 24 and 25 of the charter of the City of San Antonio, said city has the power to create this office, and that the power so given must, under secs. 42 and 55, be exercised by ordinance, it would not necessarily follow that the abolition of said office must be by ordinance. The power of a city to abolish an office created by it, unless restricted by charter, cannot be denied. (Dillon Mun. Corp., 4th ed., sec. 231.) It is a general rule that powers, not strictly legislative in character, of a municipal council may be exercised as well by resolution as by ordinance, unless a mode of exercise be prescribed by charter. The charter of the City of San Antonio is silent on the subject of abolishing offices. Appellee cites in support of this position the following proposition from Horr & Bemis on Municipal Police Ordinances, sec. 61: "Express repeals can only be effected by an act of equal grade with that by which the ordinance was originally put into operation, etc." If this were the law in Texas, it does not settle the question under consideration. It applies by its terms only to "express repeals," whereas it is well known that repeals may take place by implication if there be a clear inconsistency between the earlier and the later act.

As a municipal office may be abolished, altered, extended, or vacated, by the municipal authority which created it, even though the term of the incumbent has not expired,—a fortiori, may a city council, at its pleasure, put an end to the term of office of the incumbent, where the ordinance creating the office does not fix the term of the office. Mechem Pub. Offices, sec. 446; Dillon, Mun. Corp., sec. 231; Augusta v. Sweeney, 44 Ga., 463, 9 Am. Rep., 172. The duration of the term of said office not being fixed by the ordinance creating it the incumbent might have been removed even by the mayor,—the appointing power under the

ordinance. Meechem, Pub. Offices, sec. 445, Keenan v. Perry, 24 Texas, 253.

In view of the foregoing propositions, if it were conceded that an ordinance was essential to the abolition of the office, nevertheless a resolution of the council, not vetoed by the mayor, would necessarily have the effect to put an end to the term of office. Keenan v. Perry, 24 Texas, 253.

Where the duration or term of an office is involved in doubt or uncertainty, the court should incline to the interpretation which would limit or shorten the duration of the term. Wright v. Adams, 45 Texas, 135.

The defendant in error not having performed the official services after July 31, 1894, and not having made his offer so to do to the city council, nor even to the mayor, he is in no event entitled to salary beyond that date.

*W. W. King*, for defendant in error Micklejohn, cited City of Terrell v. Dessaint, 71 Texas, 770; City of Corpus Christi v. Woessner, 58 Texas, 467; Jones v. McAlpin, 64 Ala., 511; Bastrop County v. Hearn, 70 Texas, 563; Andrews v. Portland, 10 Am. St. Rep., 280.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the Fourth Supreme Judicial District have certified for our determination the following questions:

"By the charter of the City of San Antonio the city council is given the power 'to create,' by ordinance, 'any office or employ any agent they may deem necessary for the good government and interest of the city.' Revised Charter of the City of San Antonio, sec. 55.

Section 220 of said charter provides that the style of the ordinance shall be: "Be it ordained by the city council of the City of San Antonio, but may be omitted when published in form of book or pamphlet."

On March 19, 1894, the council passed the following ordinance:

"An Ordinance to create the office of Superintendent of Public Works.

Be it ordained by the City Council of the City of San Antonio:

"Sec. 1.  That the office of Superintendent of Public Works be and the same is hereby created.

"Sec. 2.  That the Mayor be and he is hereby authorized to appoint a Superintendent of Public Works.

"Sec. 3.  The Superintendent of Public Works shall exercise a general supervision over all improvements done in or upon the streets of the City of San Antonio; shall supervise the construction of sidewalks, whether the same be constructed by the owners of the property abutting thereon or by private individuals; shall supervise the construction of all public buildings or public works of all kinds, and do and perform such other work as may be assigned him by the Mayor and said city council.

"Sec. 4.  The office of the Superintendent of Public Works shall be

at the City Hall, and he shall receive as compensation for his services the sum of $150 per month." (Passed and approved March 19, 1894.)

On the 20th of March, 1894, the defendant in error was appointed by the Mayor of said city Superintendent of Public Works. On the 30th of July, 1894, the following resolution was passed by the City Council of the City of San Antonio: "Be it resolved, That the office of Superintendent of Public Works be and the same is hereby abolished to date from July 31, 1894."

The defendant in error performed the duties of said office from the date of his appointment until the 31st of July, 1894, and offered to continue to perform them, making such offer to the chairman of public improvements committee of the city, and other aldermen, but did not make such offer to the City Council. He has had possession of the books and records of said office ever since his appointment, and they have never been demanded of him.

QUESTIONS: 1. The office having been created by an ordinance, could it be abolished by a resolution, and was it the effect of the resolution to abolish said office?

2. The duration of the term of said office not being fixed by the ordinance creating it, and no official services having been performed by defendant in error after July 31, 1894, is he entitled to recover the salary of the office from said time up to the 20th day of March, 1895, if the office was not abolished by the resolution referred to?"

I. We are of the opinion that the resolution of July 30, 1894, did not operate as a repeal of the ordinance creating the office of Superintendent of Public Works. The common council of the city is invested by its charter with powers both of a legislative and of a ministerial character; but it can legislate only under the forms and in the manner prescribed by the law of its creation. There is a well founded distinction between an ordinance and a resolution, and yet we see no good reason to doubt that, in the absence of any directions in the charter of a city, its council might enact a valid law in the form of a resolution. (First Municipality v. Cutting, 4 La. Ann., 335.) The essence of a law is the solemn expression of the will of the law making power upon its subject matter; and it would seem that the expression of a command, though in the form of a resolution, should be deemed valid as an ordinance, even where the charter requires the council to legislate by ordinance, provided it be passed in conformity to the other requirements of the act of incorporation.

The resolution in question clearly manifests the intent of the council to abolish the office by the resolution itself; but the difficulty which presents itself is that their will is not expressed in the mode required by the charter in order to make a valid law. The fact that section 220 of the charter provides that "the style" of an ordinance shall be in a certain form, and also provides in the same section that this may be omitted in a publication of the ordinances in a book or pamphlet, indicates to our minds that it was the intention to make the provision as

to the form mandatory. It is couched in the usual language of command, and such language as a general rule should be construed, not simply as authorizing the performance of the act in the manner prescribed, but also as prohibiting its performance in another mode. The permissive words in the same section in regard to the publication also evince the legislative intent that the previous provision was not to be merely directory and permissive. It is to be presumed that the beneficial purpose sought to be effected by the Legislature in incorporating the section in the charter was not only to secure uniformity in the mode of drawing the city ordinances, but to attach to the action of the council a certain degree of solemnity, and so to apprise its members when considering a measure that they were called upon to vote upon a projected law, and not upon a resolution merely expressive of an opinion or an order relating to a ministerial act. Similar provisions in state constitutions are held, by weight of authority, to be mandatory. That question seems not to have been authoritatively decided in this State. Navigation Co. v. Galveston County, 45 Texas, 272.

Having reached the conclusion that the resolution under consideration can neither be deemed an ordinance, nor take effect as such, we come to the question of the power of the city council, by mere resolution, to abolish an office which it has once created. The charter of the City of San Antonio contains a section which requires the court to take notice of its provisions; and we deem it sufficient for the purpose of this opinion to say that, taking the whole instrument together, we think it clear that it was not the purpose of the Legislature to empower the council to legislate except by ordinance in any case. Besides section 55, which gives the power to create an office, expressly provides that it shall be done by an ordinance; and it is certainly as distinct an exercise of the law making power to abolish an office as it is to create one. It takes a law to repeal a law. The act which destroys should be of equal dignity with that which establishes. A resolution proper is not a law. (State v. Delesdenier, 7 Texas, 76.) A legislative body may in that form express an opinion, may govern its own procedure within the limitations imposed upon it by its constitution or charter, and, in case it have ministerial functions, may direct their performance; but it can not adopt that mode of procedure in making laws where the power which created it has commanded that it shall legislate in a different form. See Jones v. McAlpine, 64 Ala., 511; Girardeau v. Fougeu, 30 Mo. App., 551; Paterson v. Barnet, 46 N. J. L., 62.

While upon the discussion of this question we might add that, by section 105 of the city charter granted in 1870, the Mayor is given power to veto any ordinance of the city council, and we have found no provision which confers upon the Mayor such power over a resolution. Our attention has been called to no statute which repeals section 105, nor have we found any. There is therefore an essential difference between an ordinance of the City of San Antonio and a resolution of its council. The Mayor may veto the former and prevent it becoming a

law, unless passed over his veto by a two-thirds vote of the council. Over the latter he has no power, save as the presiding officer of the council, with the authority to give the casting vote in case of a tie.

It follows from what has been said that the first question must be answered in the negative.

II. From what has been said in answer to the first question, it follows that the defendant in error was, de jure, the Superintendent of Public Works of the city. The term of office not having been fixed in the ordinance which created it, it was controlled by that provision of the constitution which limits the term of all offices not therein prescribed to the period of two years. Const., art. xvi., sec. 30. We infer from the facts stated that if he did not perform the duties of his office it was from no fault of his own. He was willing to perform. Under such circumstances he was entitled to demand and receive the salary affixed to his office. Bastrop County v. Hearn, 70 Texas, 563; Beard v. Decatur, 64 Texas, 7; Fitzsimmons v. Brooklyn; 102 N. Y., 536; Andrews v. Portland, 79 Me., 484; Bailey v. State, 56 Miss., 637.

The second question is therefore answered in the affirmative.