## CASTLEMAN et al. v. WILLIAMS.
(No. 1651.)

(Court of Civil Appeals of Texas. El Paso. May 15, 1924. Rehearing Denied June 19, 1924.)

1. Justices of the peace ⊂⊃6—Ineligible appointee held de facto officer.

One ineligible to fill office of justice of peace because he had not resided in precinct six months prior to date of appointment became a de facto officer by virtue of appointment.

2. Officers ⊂⊃80—Contention that plaintiff, de facto officer, had no right to emoluments, a collateral attack upon right to hold office.

In action on injunction bond for fees and emoluments of office by one who had been restrained from acting as justice of the peace, contention that plaintiff as a de facto officer had no legal right to emoluments was a collateral attack upon right of plaintiff to hold office and ineffective.

3. Injunction ⊂⊃252(5)—Office is "property," and measure of damages value of use during time one was deprived of it.

Office is "property," and measure of damages in favor of one deprived thereof by injunction is value of its use during time of deprivation.

[Ed. Note.—For other definitions see Words and Phrases, First and Second Series, Property.]

4. Injunction ⊂⊃252(5)—Measure of damages to one wrongfully restrained from acting as justice of the peace stated.

One restrained by injunction from acting as justice of the peace is entitled to recover as damages in action on bond such sum as he would have earned as fees with reasonable certainty, notwithstanding that he earned money from other sources during such time.

5. New trial ⊂⊃91—Refusal for mistake in testimony held not error.

In action on injunction bond by one restrained from acting as justice of the peace, court did not err in refusing new trial because principal defendant had testified that he filed 2,676 criminal cases during period of restraint, and thereafter discovered that he had only filed 872.

Appeal from District Court, Stephens County; Walter F. Schenck, Judge.

Suit by way of cross-action by C. T. Williams against J. W. Castleman and others. Judgment for the former, and the latter appeal. Reformed and affirmed.

Goggans & Allison, of Breckenridge, for appellants.

T. B. Ridgell and McCartney, Foster & McGee, all of Breckenridge, and Goree, Odell & Allen and Ernest May, all of Fort Worth, for appellee.

HARPER, C. J. March 5, 1921, the commissioners' court of Stephens county, Tex., by order entered on the minutes of the court, created place 2 in justice precinct No. 1 of said county, and appointed C. T. Williams, justice of the peace, to fill the place, and he filed his bond and took the oath of office on the same day, and same was approved by the court.

On the 12th day of April, 1921, J. W. Castleman applied to the district court for and obtained a writ of injunction restraining said Williams from acting as justice of the peace in said precinct upon the grounds that the office was not properly created and that Williams had not resided in the county and precinct the required length of time to make him eligible to hold the office, etc. Upon appeal the cause was reversed and remanded. For full discussion of the points of law involved, see Williams v. Castleman, 112 Tex. 193, 247 S. W. 263. This is a suit by way of cross-action by Williams against Castleman and his sureties on the bond for injunction for the fees and emoluments of the office, as damages, during the time that he was restrained from performing the duties of the office in the sum of $8,100 as to Castleman, and for the amount of the bond $2,500 against the sureties.

The appellant replied to this cross-action by general demurrer special exceptions, and specially that appellee was not at the time of said injunction a de jure officer because he had not resided in the precinct for the

length of time required by law prior to his appointment.

The case was submitted to a jury by propounding one question, viz.:

"What would have been the fees and emoluments of the office received by the defendant from the 27th day of April, 1921, to the 1st day of January, 1923, had the defendant not been deprived of said office?"

Answer: "$3,875."

Upon this verdict the court entered judgment against Castleman for $3,875, and against the sureties for $2,500.

Appealed.

[1] The propositions are: (1) Appellee was ineligible to fill the office because he had not resided in the precinct six months prior to the date of his appointment; (2) therefore, he became a de facto officer by virtue of the appointment.

These are correct propositions of law under the facts of this case. Odem v. Ind. School (Tex. Com. App.) 234 S. W. 1090; Brooch v. Garth (Tex. Civ. App.) 50 S. W. 594. These things being so, appellant says by his third and fourth propositions that:

"(3) A de facto officer has no legal right to the emoluments because the emoluments are incident to the title, and not to the exercise and occupation thereof; and (4) not having performed the duties of the office, he cannot recover the fees thereof from appellant who was a de jure officer."

[2] The answer to this is: This is a collateral attack upon the right of appellee to hold the office. Stamps v. Tittle (Tex. Civ. App.) 167 S. W. 776. He had met the burden of proof to the effect that the office had been regularly created and that he had been duly appointed and qualified by giving bond and taking the oath. City of San Antonio v. Coultress (Tex. Civ. App.) 169 S. W. 917.

It would seem that the Supreme Court precluded the right of appellee to hold the office and collect the fees in his favor upon the former appeal. 112 Tex. 193, 247 S. W. 263.

[3, 4] So far as this cross-action for damages is concerned, he is a de jure officer and entitled to the emoluments of the office. 32 L. R. A. (N. S.) 949 note, and entitled to recover as damages such sum as he may prove that he would have earned as fees with reasonable certainty for the abuse of the process, thereby depriving appellee of his property. Office is property (State v. W. P. Owen, 63 Tex. 261), and his measure of damages is the value of its use during the time he was deprived of it. And we have concluded that the evidence supports the verdict as near as may be possible in a case like this, and do not consider it excessive.

The tenth is that the verdict should be reduced by $1,800, earned by appellee during the time he was prevented from performing the duties of his office. The law is to the contrary. He is entitled to recover as his damages the fees and emoluments of the office, because they were rightfully his by virtue of the office, title to which was in him. City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S. W. 735; Brown v. Galveston Wharf Co., 92 Tex. 520, 50 S. W. 126.

[5] The court did not err in refusing new trial because appellant had upon the trial testified that he filed 2,676 criminal cases during the period of time that appellee had been kept out of office and thereafter discovered that he had only filed 872, because he had full notice of this suit, and that appellee intended to prove the sum of money he would have earned by filing and trying cases, and he had full opportunity to inform himself as to the number, and he should not have been given a new trial because of his mistake under such circumstances, especially in view of the further fact that it nowhere appears that the jury was influenced thereby to his injury, verdict not being excessive.

The writer agrees that the assignments be overruled for the reason assigned and that the judgment of the trial court be affirmed, but is inclined to the view that this action comes within the rule to be noted.

"The institution of a civil action by one in his own right for the purpose of enforcing a claim, whether that claim be real or unfounded, affords no cause of action against the party suing, unless by the abuse of process the person or property of the defendant be seized or in some manner injuriously affected." Haldeman v. Chambers, 19 Tex. 52; Pye v. Cardwell (Tex. Civ. App.) 224 S. W. 542.

There can be no doubt that the appellant in bringing his action in the form of application for writ of injunction, instead of quo warranto, did so in good faith believing that he had a good cause of action to prevent appellee from filing cases and collecting fees which were appurtenant to place No. 1 to which the appellant had title. In other words, it was an attempt to have the court to declare appellee to be an intruder in place 2, and also to decree that he (appellant) was entitled to all the fees and emoluments of the office of justice of the peace of precinct No. 1. He simply selected the wrong route to accomplish his purpose, and for that reason failed to maintain his suit, whilst the other process under the facts of this case was the one to invoke. So if the petition states a cause of action, it seems to me to be for nominal damages only.

By the judgment as written appellee is granted a double recovery, in that he is allowed the amount of the verdict, $3,875, against Castleman and $2,500 against the sureties. This is corrected and reformed so as to read for $3,875 against Castleman and the sureties, but recovery against the sureties is limited to $2,500 of the amount.

As reformed, affirmed.