

# The Attorney General of Texas

March 23, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ray Farabee, Chairman
State Affairs Committee
Texas State Senate
Room 411, Archives Building
Austin, Texas    78711

Opinion No. MW-460

Re:  Validity of legislatic
authorizing    a    legislativ
committee to veto or repea
administrative rules

Dear Senator Farabee:

Your letter to this office reads in part:

> As Chairman, Senate State Affairs Committee, I hereby respectfully request your opinion... concerning the application and interpretation of article II, section 1, and article III, sections 28 through 40, of the Texas Constitution with respect to the authority of the legislature to delegate to legislative committees the power to nullify rules proposed by agencies in the executive branch of government.

The Sixty-seventh Legislature passed, and the governor signed several acts containing the following language (or words of the sam import):

> If the appropriate standing committees of both houses of the legislature acting under Section 5(g), Administrative Procedure and Texas Register Act, as amended (Article 6252-13a, Vernon's Texas Civil Statutes), transmit to the board statements opposing adoption of a rule under that subsection, the rule may not take effect or, if the rule has already taken effect, the rule is repealed effective on the date the board receives the committee's statements.

It is the validity of this language, now included in the enabling act of several state agencies, that you question. See V.T.C.S. art 46c-4(c) (Aeronautics Commission); art. 3271a, §8(d) (State Board c Registration for Professional Engineers); art. 4413 (29cc), §6(i (Polygraph Examiners Board); art. 4512b, §4(c) (Texas Board c

Chiropractic Examiners); art. 4512e, §3e (Texas Board of Physical Therapy Examiners); art. 4528c, §5(r) (Board of Vocational Nurse Examiners); art. 4552-2.14,(b) (Texas Optometry Board); art. 4551d, 3(b) (Texas State Board of Dental Examiners); art. 4568(j) (State Board of Podiatry Examiners); art. 5931-5,(10) (National Guard Armory Board); art. 6243-101, §4(c) (Texas State Board of Plumbing Examiners); art. 7465a, §8(c) (Texas State Board of Veterinary Medical Examiners).

The language under examination purports to lodge in legislative committees established pursuant to section 5(g) of the Administrative Procedure and Texas Register Act (APTRA), article 6252-13a, V.T.C.S., the power to veto or repeal any rule promulgated by the administrative agency affected.  That APTRA subsection, added in 1977, provides:

> Each house of the legislature shall adopt rules establishing a process under which the presiding officer of each house shall refer each proposed agency rule to the appropriate standing committee for review prior to adoption of the rule.  When an agency files notice of a proposed rule with the secretary of state pursuant to Subsection (a) of this section, it shall also deliver a copy of the notice to the lieutenant governor and the speaker.  On the vote of a majority of its members, a standing committee may transmit to the agency a statement supporting or opposing adoption of a proposed rule.

See V.T.C.S. art. 6252-13a, §5(g).  We note that an agency proposing rules is also required to give notice to the public and invite comment from "any interested person."  V.T.C.S. art. 6252-13a, §5(a)(6).

There is no constitutional provision, state or federal, which precludes commentary or expressions of approval or disapproval by a legislative committee addressed to an administrative body contemplating the adoption of a rule or regulation, and the validity of section 5(g) of article 6252-13a, the Administrative Procedure and Texas Register Act, has not been questioned.  See Terrell v. King, 14 S.W.2d 786 (Tex. 1929).  Your question reaches only the power of such committees to nullify agency rule proposals or adopted agency rules.

We consider first the repeal of agency rules that have been already adopted and put into effect.  In legal theory, the legislative power vested in the legislature by article III, section 1 of the constitution must be exercised by it alone.  However, many powers have been properly delegated by the legislature to administrative agencies.  See generally 12 Tex. Jur. 3d Constitutional Law §73 et seq., at 599.  Among them has been the power to make rules having the force and

effect of law.    See generally 2 Tex. Jur. 3d Administrative Law §16 et seq., at 208.

Valid rules promulgated by an administrative agency acting within its statutory authority have the force and effect of legislation. Lewis v. Jacksonville Building and Loan Association, 540 S.W.2d 307 (Tex. 1976).    And a rule promulgated by an administrative agency acting within its delegated authority should be considered under the same principles as if it were the act of the legislature.    Texas Liquor Control Board v. Attic Club, Inc., 457 S.W.2d 41 (Tex. 1970). Nevertheless, when such rulemaking power is vested in an agency of the state, it is regarded as an incident of the executive power to administer laws enacted by the legislature, and not as a power to enact laws.    It is held that an act of the legislature that is complete and comprehensive in itself and which confers upon an agency authority only to establish rules, regulations and minimum standards to reasonably carry out the expressed purposes of the legislature's act does not make a constitutionally forbidden delegation of legislative power.    Oxford v. Hill, 558 S.W.2d 557 (Tex. Civ. App. - Austin 1977, writ ref'd).    It confers only the power to efficiently administer the complete law already established by the legislature. See Ex parte Granviel, 561 S.W.2d 503 (Tex. Crim. App. 1978).    Cf. Lone Star Gas Company v. State, 153 S.W.2d 681 (Tex. 1941) (delegated power to fix rates is legislative power).

Thus, a conclusion that the language under scrutiny is unconstitutional might be rested on the ground that it attempts to confer upon members of the legislative branch of government an executive power to efficiently administer laws enacted by the legislature.    Section one of article II of the Texas Constitution provides for the separation of governmental powers.    It reads:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confined to a separate body of magistracy, to wit:  Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

It was held in Ex parte Youngblood, 251 S.W. 509 (Tex. Crim. App. 1923), that when a power conferred by the constitution upon the legislature or either branch thereof is in turn conferred by the constitutionally designated legislative body upon a committee composed of members of the house and senate, the committee is a "collection of

persons" within the inhibition of the foregoing constitutional provision -- and one to which non-legislative powers cannot be delegated.   See also Walker v. Baker, 196 S.W.2d 324 (Tex. 1946); Attorney General Opinions V-1254 (1951); O-4609 (1942).   See also Anderson v. Lamm, 579 P.2d 620 (Colo. 1978); In re Opinion of the Justices to the Governor, 341 N.E.2d 254 (Mass. 1976); Bramlette v. Stringer, 195 S.E. 257 (So. Car. 1938); People v. Tremaine, 168 N.E. 817 (N.Y. 1929).

But the provisions authorizing legislative committees to repeal adopted agency rules are unconstitutional even if the power conferred could be said to be purely legislative in character.   It was held in Parks v. West, 111 S.W. 726 (Tex. 1908), and reiterated in Walker v. Baker, supra, that where the constitution gives a power and prescribes the means by which or the manner in which it is to be exercised, such means or manner is exclusive of all others.   Article III, section 1 of the constitution vests the legislative power of the state "in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"   Sections 29 through 40 of that article detail at great length the manner in which the legislature must exercise its right to legislate.   The means by which the legislature is to accomplish the enactment of laws being expressly provided by the constitution, any authority for the legislature to exercise that right in a different mode is excluded.   See Walker v. Baker, supra; American Indemnity Company v. City of Austin, 246 S.W. 1019 (Tex. 1922).

The legislature is compelled to follow those procedures in the enactment of all laws, including repeals, unless the constitution itself provides exceptions thereto.   It takes a law to repeal a law, and the act which destroys should be of equal dignity with that which establishes.   City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex. 1970); City of San Antonio v. Micklejohn, 33 S.W. 735 (Tex. 1895); J. D. Abrams, Inc. v. Sebastian, 570 S.W.2d 81 (Tex. Civ. App. - El Paso, 1978, writ ref'd n.r.e.).   Inasmuch as the legislature is empowered to establish a law only by following the aforesaid constitutional procedures, and cannot do so by delegating that task to a legislative committee, it cannot effect the repeal of a subsisting law -- as augmented by a properly adopted administrative rule -- except in the same manner.   See State v. A.L.I.V.E. Voluntary, 606 P.2d 769 (Alaska 1980).

Turning to the authorization for such committees to veto proposed rules, we reach the same result for essentially the same reasons.   The power to control or correct decisions committed to administrators by law is an executive function.   Walker v. Baker, supra.   The legislature, of course, may in the first instance severely restrict the discretion of executive officers or administrators to make rules by so thoroughly detailing legislation before it leaves its hands that

little or no room is left for administrative interpretation. See Fire Department of City of Fort Worth v. City of Fort Worth, 217 S.W.2d 664 (Tex. 1949); Letter Advisory No. 2 (1973). And by the proper exercise of its law-making powers the legislature may supercede or repeal any agency rule or decision that has acquired the force and effect of law. But when a statute commits to an administrative agency's hands the power to promulgate rules in order to better administer the legislative policy embodied therein, neither the legislature nor one of its committees may exercise a continuing ad hoc veto over the executive discretion thus reposed. Tex. Const. art. II, §1.

In Railroad Commission v. Shell Oil Company, 161 S.W.2d 1022 (Tex. 1942), at 1029, the Texas Supreme Court observed that where the legislature has seen fit to vest in an administrative agency the authority to exercise sound judgment and discretion in a particular matter, the courts could not usurp the powers committed to the agency or undertake to exercise the agency's judgment and discretion for it. See also Denison v. State, 61 S.W.2d 1017 (Tex. Civ. App. - Austin), writ ref'd per curiam, 61 S.W.2d 1022 (Tex. 1933). No less than the courts, the legislature is bound by the constitution. If a discretionary rule-making function delegated to an administrative agency is an executive function -- as we think it is -- it is equally impermissible for the legislature (or one of its committees) to usurp the function. Tex. Const. art. II, §1; Walker v. Baker, supra; Ex parte Youngblood, supra; Attorney General Opinions V-1254 (1951); O-4609 (1942). See State v. Legislative Finance Committee, et al, 543 P.2d 1317 (Mont. 1975). See also Anderson v. Lamm, supra; In re Opinion of the Justices to the Governor, supra.

The foregoing conclusion is not inconsistent with the case of Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975), in which the Texas Supreme Court concluded that a rider to the General Appropriations Act supplied "legislative approval" to certain projects without the consent of the College Coordinating Board. In the Jessen Associates case the supreme court held that the legislature had fully complied with the procedural requirements of the constitution and properly exercised its law-making powers while doing so. There was no attempt there to usurp an executive function. A proper and complete legislative act legitimately restricted the discretion allowed administrative officers. Moreover, the court in Jessen Associates did not have before it the question of separation of powers.

We conclude that it is constitutionally impermissible for the legislature to delegate to legislative committees the power to nullify rules proposed or adopted by agencies in the executive branch of government. As a matter of interest we note that a constitutional amendment which would have expressly allowed a delegation of such power to legislative committees was proposed in 1979 but defeated by the people. See H.J.R. No. 133, Acts 1979, 66th Leg., at 3232.

## S U M M A R Y

It is constitutionally impermissible for the legislature to delegate to legislative committees the power to nullify rules proposed or adopted by agencies in the executive branch of government.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Patricia Hinojosa
Margaret McGloin
Jim Moellinger
Bruce Youngblood