**GALVESTON COUNTY MUNICIPAL UTILITY DISTRICT NO. 3, Appellant,**

**v.**

**The CITY OF LEAGUE CITY, Texas, Appellee.**

**No. 14–96–01385–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 26, 1997.

Karen Jewell, Terrie S. Sechrist, Houston, for appellant.

George W. Vie, III, Galveston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Galveston County Municipal Utility District No. 3 (District) appeals a partial summary judgment in favor of appellee (City) holding an addendum to a prior utility agreement was unenforceable as a matter of law. In one point of error, appellant contends the trial court erred in granting the City's motion for summary judgment because: (1) the City failed to establish the "equal dignity rule" applies, and (2) there is a material fact issue concerning estoppel of the City to deny the validity of the addendum. We affirm.

## I. BACKGROUND.

The District and the City entered into a utility agreement in 1978 that provided the District would build a water distribution, sanitary sewer and drainage system to be sold upon completion to the City. To service the bond debt, the 1978 agreement provided the City would pay the District forty percent (40%) of the ad valorem taxes collected by the City in future years after deducting the costs of collection. The City's obligation to pay the District ended when the bonds issued by the District were discharged. This utility agreement was approved by an ordinance of the City dated April 13, 1978. By *resolution* in 1981, the City thereafter approved an amendment to the 1978 utility agreement that increased the payment by the City of ad valorem taxes from forty percent (40%) to sixty percent (60%). The District sued the City alleging the City has failed to comply with this agreement and has made "inappropriate deductions unrelated to the operations" of the water and sewer system. In its pleadings, the District asked for a declaratory judgment holding: (1) the calculations of net revenues by the City did not comply with the agreement, and (2) the City owed net revenues to the District as calculated without the "unauthorized deductions." The District also alleged the City's failure and refusal to properly calculate the net revenues as required by the agreement was a breach of contract.

## II. SUMMARY JUDGMENT.

The City filed its motion for summary judgment claiming the 1981 amendment to the utility agreement was unenforceable because the original 1978 agreement was passed by a city ordinance and the 1981 amendment was passed by a resolution in violation of the "equal dignity rule" as set forth in *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex.1970). The District responded alleging the equal dignity rule does not apply to contract cases and *Prasifka* applied to amendments by resolution to zoning ordinances. The District also alleged the City was estopped from contesting the validity of the resolution approving the 1981 amendment because a "manifest injustice" will occur if the 1981 amendment is not enforced against the City.

### A. Standard of Review.

In order to prevail on summary judgment, the movant must disprove at least one of the

essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49; *see also Doe,* 907 S.W.2d at 477.

Where the nonmovant opposes a summary judgment based upon an affirmative defense, the nonmovant must produce sufficient summary judgment evidence to raise a question of fact as to each element of the affirmative defense in order to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). The movant is not required to negate every possible issue of law and fact that could have been raised by the nonmovant, but rather the burden of raising and producing sufficient evidence with respect to affirmative defenses is on the nonmovant. *Id.* at 678–79.

Where summary judgment evidence raises no more than surmise or suspicion of a fact in issue, no genuine issue of fact exists to defeat summary judgment. *Booth v. Cathey,* 893 S.W.2d 715, 719 (Tex.App.—Texarkana 1995) *rev'd on other grounds,* 900 S.W.2d 339 (Tex.1995). For summary judgment purposes, an issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Bookman v. Bolt,* 881 S.W.2d 771, 774 (Tex.App.—Dallas 1994, writ denied).

**B. Applicable Law.**

1. The operation of a sewer system by a municipality in Texas is the exercise of a governmental function. *Pittman v. City of Amarillo,* 598 S.W.2d 941, 945 (Tex.

Civ.App.—Amarillo 1980, writ ref'd n.r.e.). When discharging a governmental function, a municipality, as an agent of the State, is exercising the State's police power, which is a grant of authority from the people to the government for the protection of the health, safety, comfort and welfare of the public. *Id.* As such, the police power cannot be abdicated or bargained away "and is inalienable, even by express grant." *Id.*

2. Validity of the 1981 amendment. The City cites *City of Hutchins v. Prasifka,* 450 S.W.2d 829 (Tex.1970) in support of its argument that the 1981 amendment was unenforceable because it was approved by a resolution which cannot change the 1978 utility agreement approved by an ordinance. In *Prasifka,* the supreme court (citing *City of San Antonio v. Micklejohn,* 89 Tex. 79, 33 S.W. 735 (1895)) pointed out the distinctions between the functions of ordinances and resolutions:

It takes a law to repeal a law. The act which destroys should be of equal dignity with that which establishes. A resolution proper is not a law [citation omitted]. A legislative body may in that form [by resolution] express an opinion, may govern its own procedure within the limitations imposed upon it by its constitution or charter, and, in case it have ministerial functions, may direct their performance; but it cannot adopt that mode of procedure in making laws where the power which created it has commanded that it shall legislate in a different form.

*Id.* at 832.

In *Prasifka,* the supreme court held that the comprehensive zoning ordinance could not be changed or amended by resolution. *Id.*

3. Estoppel to deny enforcement of resolution by City. *Prasifka* held: "[T]he general rule has been in this state that when a unit of government is exercising its governmental powers, it is not subject to estoppel." *Prasifka,* 450 S.W.2d at 835. "There is authority for the proposition that a municipality may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental

functions. But such doctrine is applied with caution and only in exceptional cases where the circumstances clearly demand its application to prevent manifest injustice." *Id.* at 836.

### C. The Summary Judgment Evidence.

**1. Appellee's Evidence.** In support of its motion for summary judgment, the City submitted: (1) certified copy of Resolution No. 81–11 purporting to amend the 1978 utility agreement; (2) certified copy of Ordinance No. 198, approving the 1978 utility agreement; and (3) copy of *City of Hutchins v. Prasifka*, 450 S.W.2d 829–836.

**2. Appellant's Evidence.** The appellant's response contended *Prasifka* was not applicable because: (1) the equal dignity rule applies to *laws* and this case involves approval of a *contract;* (2) the 1978 utility agreement was of equal dignity with the resolution because the City waived the requirement of a "second reading" for ordinances. Appellant further contended the City was estopped under the rule in *Prasifka* because a "manifest injustice" will occur if the City is allowed to avoid its obligation under the 1981 amendment.

In support of appellant's response to the City's motion for summary judgment, appellant submitted two affidavits of Richard F. Ferfon, president of the District, stating the District did not prescribe the "method for the City to approve the Utility Agreement and the 1981 Addendum" and "it was the sole decision of the City to choose the form in which to approve" the agreement and the 1981 amendment. Mr. Ferfon further stated the District "has relied on the validity" of these agreements and constructed a water, sanitary sewer and drainage system pursuant to the agreements. He further stated the District sold bonds to finance the construction and the City approved the issuance of the bonds. Although he stated the agreements provide that the "City *agreed* to pay the District a percentage of the ad valorem taxes" he does *not* state what, if any payments have been made, or how the District has been injured in its dealings with the City. He attached copies of the City's resolutions approving the various bond issues and some advertising to potential buyers which indicate the City has "agreed to collect and pay to the District 60% of the ad valorem taxes" to discharge the bonds. Nothing in Mr. Ferfon's two affidavits affirmatively indicates the nature of the injury the district suffered as a result of the City's denying the validity of the 1981 agreement.

### D. Application of the Law to the Facts.

■ Appellant does not contest the fact that the City is exercising a governmental function in this case. We hold the acquisition of a water distribution, sewer and drainage system is a governmental function. *See Pittman*, 598 S.W.2d at 945. Under the Tort Claims Act, water and sewer service is a governmental function of a municipality. TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon 1997).

■ We further hold that the resolution approving the 1981 amendment to the 1978 utility agreement is unenforceable under *Prasifka*, 450 S.W.2d at 832. A resolution of a city cannot amend or change an ordinance. *Id.*

■ As a general rule, the doctrine of equitable estoppel does not apply against a unit of government exercising its public or governmental functions. *Prasifka*, 450 S.W.2d at 835; *Dallas County Flood Control v. Cross*, 815 S.W.2d 271, 284 (Tex.App.— Dallas 1991, writ denied). Courts recognize an exception where no governmental function is impaired and an estoppel is necessary to prevent injustice. *Dallas County Flood Control*, 815 S.W.2d at 284.

In *Dallas County Flood Control*, the flood control district sued its former president to rescind a sale by him to the district of an easement across his land. *Id.* at 273. The court of appeals found the transaction was invalid because it violated conflict-of-interest rules and the Open Meetings Act. Cross, the former president, argued that the district had enjoyed the benefits of using his land and therefore should be equitably estopped to deny the enforceability of the contract and the promissory notes. The jury found the district was estopped and gave judgment for Cross. *Id.* at 284. The District asserted on

appeal that, as a governmental unit, it is not subject to estoppel, and that even if it were, there is no evidence of the facts necessary to support an estoppel. *Id.* The court of appeals held that the dispute over the acquisition of the easements involved a governmental function. *Id.* The court of appeals found the agreement between Cross and the District, if enforced, would cost the District a great deal of money, and stated:

> The fact that enforcement of the Agreement would cost money may not be a sufficient basis for holding that recognition of estoppel would impair a governmental function. Assuming without deciding that the application of equitable estoppel against the District would not impair the exercise of its governmental function, we must determine whether an estoppel is necessary to prevent injustice to Cross [citation omitted].
>
> In the context of equitable estoppel, a party does not suffer "injustice" merely because he fails to receive all the benefits to which he feels entitled. "Injustice" requires some inequitable conduct by the party sought to be estopped [citations omitted].

*Id.* at 284.

In that case, the court of appeals reversed the trial court finding no evidence that the District behaved inequitably towards Cross because he was president of the board that he claimed deceived him and was present when the board negotiated and approved the agreement. *Id.* "Cross was in as good a position to know the facts and the applicable law as any other member of the Board. There is no evidence of deception." *Id.*

■ In this case, there is no evidence in the record showing what injury, if any, was caused by the City claiming the 1981 amendment was void. The affidavits of Mr. Ferfon conclude that the District relied on *both* the 1978 and 1981 agreements and constructed the utilities and sold bonds. The affidavits fail to set out specifically how the District was injured by the 1981 agreement being void; the District has not proved any facts that would reflect their financial loss as a direct result of the invalidity of the 1981 agreement. The District still is entitled to 40% of the ad valorem taxes until the bonds are discharged by the 1978 agreement and appellant has not shown how it would be "manifest injustice" to allow the City to claim its legal rights asserting the invalidity of the 1981 amendment.

■ The summary judgment evidence of the City establishes its affirmative defense as a matter of law by proving the 1981 agreement was approved by a resolution which cannot amend the ordinance approving the 1978 agreement. When the summary judgment evidence establishes the affirmative defense as a matter of law, the burden is on the nonmovant to adduce evidence raising a fact issue concerning its promissory estoppel defense. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934, 936–37 (Tex.1972).

We find the appellant has failed to raise a fact issue on its claim of estoppel; appellant has produced no evidence of any injury to it that caused a "manifest injustice." We hold the City is not estopped to deny the validity of the 1981 amendment to the 1978 utility agreement. We overrule appellant's point of error and affirm the judgment of the trial court.

LEE, J., concurs in the result only.